Filed 7/17/14  Bruzzone v. Intel CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL A. BRUZZONE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant and Respondent. | H039066 <br> (Santa Clara County <br> Super. Ct. No. CV213829) |

Appellant Michael A. Bruzzone, acting in propria persona here and in the court below, appeals from a judgment dismissing his action against Intel Corporation (hereafter "Intel").  On appeal, he contends that the trial court "erred in dismissing appellant's civil case as a matter of state policy and federal law."  As set forth below, appellant has failed to present a cogent legal argument supported by citation to relevant authorities, and we therefore will affirm.

### BACKGROUND

On November 29, 2011, appellant filed a complaint against Intel.  The complaint contained 11 causes of action: 1) "Breach of Corp. Fiduciary Duties and Malfeasance," 2) "Corporate & Attorney Cover Up to Conceal Network Crime," 3) "Witness Tampering to Disqualify Federal Reporter," 4) "Constructed Fraud to Misprision Federal Reporter," 5) "Constructed Fraud to Obstruct, Delay, Disrupt Administration of Justice," 6) "Breach of Good Faith & Fair Dealing," 7) "Placing into False Light," 8) "Interference w/

Prospective Business Advantage," 9) "Disclosure of Private Facts," 10) "Attorney Violation Code of Professionalism Sect. 9 & 13d," and 11) "Retaliation in Violation of California Public Policy."  Among the many allegations in the complaint, appellant asserted the following:  Intel agents recruited appellant to work as an "industrial spy;" Intel employees engaged in a "construct[ive] fraud" in order to conceal appellant's knowledge that "Intel is extensively infiltrated by organized crime network;" Intel agents confined appellant in an "11 foot by 11 foot space where handlers implement[ed] Staton DeGrandpre behavioral-pharmacological conditioning;" Intel agents sought to "depress [appellant] into drug addiction" and "depress [appellant] into suicide;" and Intel targeted appellant for assassination and castration.

Intel demurred to each cause of action in the complaint.  The trial court sustained the demurrer without leave to amend as to the second, fourth, fifth, and tenth causes of action, finding that those causes of action did not state a "cognizable private right of action in California."  The court sustained the demurrer  with leave to amend as to the seven remaining causes of action.

On April 23, 2012, appellant filed a first amended complaint.  The first amended complaint contained 12 causes of action:  1) "Violation of Cartwright Act," 2) "California Title 3 § 38; Misprision of Treason," 3) "Negligence, Gross Negligence," 4) "Abuse of Process," 5) "Intentional Infliction of Emotional Distress," 6) "Undue Influence, Duress, Manipulate Unsound Mind," 7) "Fraud and Actual Fraud," 8) "Violation of Federal Civil Rights; 42 USC 1983, 42 USC 1985, 43 USC 1986," 9) "Breach of Fiduciary Duties Constitutionally Protected Public Policy Activity," 10) "False Light," 11) "Intent to Destroy Plaintiff Beyond the Bounds of Fair Competition and Fair Play, and 12) "Retaliation in Violation of California Public Policy."  Among the various allegations in the first amended complaint, appellant asserted the following:  Intel procured a "cartel ringmaster" to "set a bounty on and mark [appellant] as prey for hunting by industrial

2

spies, detectives, hooligans, and hit men;" Intel agents sought to "portray [appellant] as a criminal, paranoid delusional, a risk, unbelievable and not competent;" and Intel "meant to destroy [appellant] professionally, financially, destroy and disqualify [appellant's] state and federal witness status enabling cartel crime leaders . . . to continue along uninhibited."

Intel demurred to each cause of action in the first amended complaint. The court sustained the demurrer with leave to amend as to tenth cause of action, false light. The court sustained the demurrer without leave to amend as to the 11 remaining causes of action. The court concluded that those causes of action were "unintelligible," "time-barred," "barred by the doctrine of collateral estoppel," or uncertain.

Appellant filed a second amended complaint on August 15, 2012. The second amended complaint contained a single cause of action, "Entrapment in False Light." In the second amended complaint, appellant alleged in part: "[Intel] and its chief executives, security personnel, consultants on irresponsible use of power and damning touch permanently scar [appellant] by broadly publicizing that a key antitrust witness is unbelievable, does mark with bounty and makes prey for hunting by cartel hit squads who repeatedly attempt [appellant's] masked assassination."

Intel demurred to the second amended complaint. The court sustained the demurrer without leave to amend. The court concluded that appellant's "conclusory allegations" were "insufficient to establish publicity" for a false light claim. The court also noted that appellant's allegations were "so confusing" that Intel could not "reasonably respond."

On November 9, 2012, Intel filed an "Ex Parte Application for Judgment of Dismissal of Entire Action with Prejudice." That same day, the court issued a judgment dismissing appellant's action in its entirety.

## DISCUSSION

3

*Appellant's Argument*

Appellant's argument is brief and perplexing. He contends: "The Superior Court erred in dismissing appellant's civil case as a matter of state policy and federal law, for whom appellant holds privilege on citizen duty, as field reporter to States Department of Justice engaged in consumer class actions v Intel Corporation, as a federal civic servant protected from retaliation under Department Labor Code 3363.5 . . . , as a Clayton Act § 4 direct witness, as recognized Relator in Federal False Claims Act . . . , as a United States Citizen on citizen duties to report, and not to conceal organized crime detrimental to the economy of the United States, democratic capitalism and all peoples of the United States." He further asserts: "Appellant in technical discovery role does in fact document a 19 year continuous federal crime, including malicious premeditated retaliation that is torturous interference by organized crime, operating in corporate enterprise, that does manipulate . . . federal, state and local law enforcement meaning to disqualify this Clayton Act § 4 witness, to conceal Intel . . . cartel operations in trust." In support of his argument, appellant cites federal cases that discuss motions to dismiss in federal court.

*Appellant Has Failed to Show Error*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.

4

[Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"An appealed judgment or challenged ruling is presumed correct." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 (*Bullock*).) Thus, the "appellant has the burden to show error." (*Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 80.) "An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock, supra,* 159 Cal.App.4th at p. 685.)

"When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) A reviewing court need not consider an issue when the appellant "has presented no intelligible legal argument." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830.)

"When an appellant decides to represent himself in propria persona, 'he is entitled to the same, but no greater, consideration than other litigants and attorneys. [Citations.]' " (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) "A pro. per. litigant is held to the same restrictive procedural rules as an attorney." (*Ibid.*)

Here, appellant has not shown that the trial court erred in dismissing his action against Intel. He fails to cite any California authority regarding dismissal of an action after a demurrer is sustained without leave to amend. He makes no arguments as to whether there was a reasonable possibility that defects in his complaint and amended complaints could have been cured by amendment. Indeed, he never even mentions the causes of action pleaded in the complaint and amended complaints. Instead, he cites only

5

irrelevant federal authority and makes only a confusing argument regarding his role as a protected "reporter" of Intel's activities. Thus, because appellant has failed to present a cogent legal argument with citation to relevant authorities, we will affirm the judgment dismissing his action against Intel.

## DISPOSITION

The judgment is affirmed.


_____

RUSHING, P.J.



WE CONCUR:




_____

PREMO, J.




_____

ELIA, J.