[Civ. No. 53607. Second Dist., Div. Five. Mar. 14, 1979.]

AMIT PELES, Plaintiff and Appellant, v.
HUGH O. La BOUNTY, JR., as President, etc., et al.,
Defendants and Respondents.

COUNSEL

William R. Bernstein for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Thomas Scheerer, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**ASHBY, J.**—Plaintiff Amit Peles appeals from the denial of his "Petition for Writ of Mandate to Reinstate Student After Expulsion From

University." The trial court denied the petition after sustaining defendants' demurrer on the ground that the action was barred by the statute of limitations.

In early 1973 plaintiff, who was then a graduate student engaged in a master's program at California State Polytechnic University, Pomona, was terminated from the program on grounds he committed plagiarism in his research project submitted in lieu of a master's thesis. He was permanently expelled from any other program at the institution. The charge of plagiarism was found true at a university hearing conducted April 30, 1973, and the hearing officer's recommendation of permanent expulsion was "approved" by the president of the university on May 9, 1973.

Plaintiff did not file the instant petition until August 11, 1977, more than four years later. The theory of the petition was that the decision to expel him was effectively made on January 22, 1973, and that the hearing of April 30 violated due process because it was not conducted "before" the alleged actual decision.[1] The petition further alleged that the hearing was unfairly conducted and that the hearing officer was biased.

The petition alleged that defendants[2] have an affirmative duty to remedy the alleged constitutional violation; that on July 11, 1977, plaintiff made a formal demand on defendants to reinstate him as a student; and that such demand was "summarily refused" on July 14, 1977.

---

[1]Plaintiff relied upon a letter from the acting coordinator of disciplinary procedures dated January 23, 1973, which stated:

"Dear Mr. Peles:

"I have received sufficient material from Dr. McKee, the Graduate Programs Coordinator in the School of Business Administration, and Dr. Fox, the Dean of the School, to convince me that the Business Research Project submitted by you in lieu of a master's thesis was plagiarized from a manual prepared by Ritchey and Associates for Fleetwood Trailers.

"Dr. Fox and I have recommended to President Kramer that your participation in the master's program at this institution be terminated and that you not be permitted to re-enter any other program at this institution at any time in the future. On January 22, 1973, President Kramer approved this recommendation with the understanding that if you wish to challenge either the accusation that you did commit the act of plagiarism described above, or the determination that was recommended and approved in your particular case, a hearing concerning either or both matters would be held on campus at a time that is mutually convenient to you and the university.

"If I do not receive a request for a hearing, in writing, from you on or before Monday, February 5, 1973, I will consider this case closed."

Plaintiff requested a hearing, which was held April 30, 1973.

[2]Defendants were the current president and the admissions officer of the university.

## DISCUSSION

■ We hold the trial court correctly determined that plaintiff's action is barred by the statute of limitations. The thrust of the petition is to challenge the validity of the decisions made on January 22, April 30, and May 9, 1973. The petition was not filed until more than four years later, on August 11, 1977. The action is founded upon constitutional rights and upon regulations governing the California State University and Colleges enacted pursuant to statute (reorganized Ed. Code, § 89030; Cal. Admin. Code, tit. 5, § 41301 et seq.). Therefore the applicable statute of limitations is three years for actions based on a liability created by statute. (Code Civ. Proc., § 338, subd. 1; see *Monroe* v. *Trustees of the California State Colleges*, 6 Cal.3d 399, 405 [99 Cal.Rptr. 129, 491 P.2d 1105].)[3]

■ Relying upon *Monroe* v. *Trustees of the California State Colleges, supra,* plaintiff contends that the petition states a separate cause of action for "refusal to reinstate," and that the time had not run on such cause of action in view of the allegation that plaintiff demanded reinstatement on July 11, 1977, which demand was refused on July 14, 1977. Plaintiff's reliance on *Monroe* is misplaced. In 1950 Monroe was discharged from his position as professor at a state college solely on the basis of his refusal to sign the "Levering" loyalty oath. He pursued administrative remedies but then did not resort to the courts since the constitutionality of the oath had been upheld in 1952. Years later, in December 1967, the California Supreme Court overruled its 1952 decision, and held the oath was unconstitutional. Immediately after that decision, Professor Monroe requested the trustees of the California state colleges to reinstate him in his position, which request was denied. Within six months he filed a petition for writ of mandate.

On appeal from a judgment of dismissal of the petition, the Supreme Court held that to the extent the petition challenged the original discharge in 1950, the action was barred by the statute of limitations. However, the court held that the petition also stated a claim for reinstatement which was not barred by the statute of limitations. The court's theory was that since the sole basis for Monroe's discharge was his refusal to sign the oath, the subsequent invalidation of the oath as unconstitutional "removed the sole disability" and entitled him, under a certain provision of the Education Code, to reinstatement. (6 Cal.3d at

---

[3]In a case involving the expulsion of a student from a *private* university, the court applied the four-year "catchall" statute of limitations. (Code Civ. Proc., § 343; *Valvo* v. *University of Southern California*, 67 Cal.App.3d 887, 894 [136 Cal.Rptr. 865].) The instant petition was filed even beyond such four-year limit.

p. 410.) The trustees' refusal to reinstate him, in 1968, after the invalidation of the sole previous ground for his discharge, gave rise to a new cause of action for wrongful refusal to reinstate, which did not accrue until 1968, and which was therefore within the period of limitations. (*Id.,* at p. 408. See also *Lerner* v. *Los Angeles City Board of Education,* 59 Cal.2d 382 [29 Cal.Rptr. 657, 380 P.2d 97], discussed in *Monroe.*)

The instant case is not like *Monroe* or *Lerner.* What gave rise to a separate cause of action for refusal to reinstate in those cases was an intervening event. Monroe had no right to reinstatement until the oath was declared unconstitutional, and Lerner had no right to reinstatement until his teaching credential was restored. Monroe and Lerner acted within a reasonable time to demand reinstatement after the intervening event, and to file a court action upon the refusal of that demand.

The instant case is different. There is no intervening event which gave plaintiff a right to reinstatement which he did not have previously. Plaintiff's sole ground for reinstatement is the alleged invalidity of the 1973 proceedings. If he was entitled to reinstatement by virtue of a defect in those proceedings, he was so entitled in 1973[4] and the time commenced to run. He could have challenged those proceedings by mandate in a timely manner, but failed to do so. He may not indefinitely extend the statute of limitations by postponing the time of his demand for reinstatement. (*Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800].)

In an attempt to bring this case within the *Monroe* mold, plaintiff argues that the enactment of reorganized Education Code section 67133, operative April 30, 1977, gave him a new cause of action analogous to the intervening event in *Monroe.* ■ This argument is without merit. Education Code section 67133 merely gives a student the right to include in his student record his written statement or response concerning the disciplinary action.[5] It does not create a right of reinstatement as did the invalidation of the loyalty oath in *Monroe.*

---

[4]See generally *Goldberg* v. *Regents of the University of California,* 248 Cal.App.2d 867, 876 [57 Cal.Rptr. 463]; *Dixon* v. *Alabama State Board of Education* (5th Cir. 1961) 294 F.2d 150, 158-159.

[5]Reorganized Education Code section 67133 reads: "Whenever there is included in any student record information concerning any disciplinary action taken by college or university personnel in connection with the student, the student shall be allowed to include in such record a written statement or response concerning the disciplinary action."

■ Plaintiff contends that the statute of limitations was tolled during a period in which plaintiff was allegedly pursuing "administrative remedies." His alleged pursuit of these remedies is not contained in the petition and is wholly outside the record on appeal.[6] Plaintiff refers in his reply brief to a series of letters in 1973, 1974, and 1976 which requested reconsideration, modification, reinstatement or qualified reinstatement. Obviously, the statute of limitations is not normally tolled merely by correspondence between the parties in which the defendant is requested to reconsider its position. Plaintiff's reliance on *Valvo* v. *University of Southern California, supra,* 67 Cal.App.3d 887, is misplaced. In that case, involving a student dismissed from a medical school, the petition alleged in detail that the university had specific administrative remedies for readmission of dismissed students, which a dismissed student "must follow." (*Id.,* at pp. 893, 894.) Here plaintiff has failed to show that defendants had any administrative procedures which plaintiff was required to follow in seeking reinstatement and which would therefore excuse his lengthy delay.

Plaintiff next contends that certain regulations governing student discipline at the California State University and Colleges entitle him to a new hearing on the 1973 plagiarism charges whenever plaintiff applies for readmission. These arguments have no merit. The regulations referred to do not require the university to relitigate the matters occurring in 1973 as to which the applicable statute of limitations has run.

■ First, plaintiff refers to his "right" as a California resident to attend a state institution of higher education.[7] However, this right obviously may be denied to a student who has abused it in the past. Title 5 of the California Administrative Code section 41303[8] provides: "Conduct by Applicants for Admission. Notwithstanding any provision in this Chapter 1 to the contrary, admission or readmission may be qualified

---

[6] The only matter in the record remotely touching on this is the letter of July 14, 1977, from the university to plaintiff's attorney, which was attached as an exhibit to the petition, and which states in part, "Pursuant to past requests by you, Attorney Martin Goldberg, and Mr. Peles, the disciplinary case concerning Amit Peles has been reviewed on several occasions. As far as the University is concerned, this case is closed."

[7] Reorganized Education Code section 66201 states in part: "It is the intent of the Legislature that each resident of California who has the capacity and motivation to benefit from higher education should have the opportunity to enroll in an institution of higher education."

[8] Unless otherwise indicated, all section references hereafter are to title 5 of the California Administrative Code.

or denied to any person who, while not enrolled as a student, commits acts which, were he enrolled as a student, would be the basis for disciplinary proceedings pursuant to Sections 41301 or 41302. *Admission or readmission may be qualified or denied to any person who, while a student, commits acts which are subject to disciplinary action pursuant to Section 41301 or Section 41302. Qualified admission or denial of admission in such cases shall be determined under procedures adopted pursuant to Section 41304.*" (Italics added.) Plagiarism is an act which is subject to discipline under section 41301, subdivision (a). The "procedures adopted pursuant to Section 41304" refers to the student disciplinary procedures adopted by the Chancellor of the State University and Colleges.

Rule 12b of the Student Disciplinary Procedures provides: "hearings on qualifications for admission or denial of admission pursuant to Section 41303 of Title 5, California Administrative Code, shall be conducted pursuant to Sections 8 or 9 of these Procedures, as the President shall determine."[9] Plaintiff contends this rule means that when he applies for readmission and is denied it on grounds of the 1973 findings and order, he is entitled to a new hearing. We disagree.

Plaintiff has already had a hearing on whether he committed plagiarism and whether he should be permanently expelled. He had that hearing in 1973. The time for challenging that determination has long since passed. The university is now entitled to treat those findings as valid. The university may of course in its discretion reconsider whether plaintiff should be readmitted despite the 1973 findings and order, but it has no mandatory duty to reopen the matter or to provide plaintiff a new hearing. ■ Rule 12b cannot reasonably be interpreted to require *repetitious* hearings whenever a former student, who previously had a hearing, applies for readmission.

■ Finally, plaintiff contends that rule 11 of the Student Disciplinary Procedures places a limit of one year upon expulsion. The rule does nothing of the kind. It deals only with totally barring access to the campus, for up to one year, to a student who has been expelled for campus disruption.[10]

---

[9]Executive order No. 148 of the Chancellor of the California State University and Colleges, March 8, 1972.

[10]Rule 11 of the Student Disciplinary Procedures provides in part: "a. Students may be expelled, suspended, placed on probation, or given a lesser sanction, as provided in Section 41301 of Title 5, California Administrative Code. [¶] b. Students who are expelled or suspended on the basis of conduct which disrupted the orderly operation of the campus or any facility of an institution, may be denied access to all or any part of the campus or other facility: [¶] (1) In the case of expulsion, for up to one year. [¶] (2) In the case of suspension, for a period up to the period of the suspension."

The petition was properly denied.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 10, 1979.