Filed 12/14/15  Williams v. Chino Valley Independent Fire Dist. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LORING WINN WILLIAMS, | |
| Plaintiff and Appellant, | E059788 |
| v. | (Super.Ct.No. CIVRS1209897) |
| CHINO VALLEY INDEPENDENT FIRE DISTRICT et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Affirmed.

Hamilton & McInnis, Donald E. McInnis and Ben-Thomas Hamilton, for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Peter J. Brown, Judith S. Islas and Julie L. Strom, for Defendant and Respondent Chino Valley Independent Fire District.

1

Law Office of Sima Salek and Sima R. Salek, for Defendants and Respondents California Public Employees' Retirement System and Board of Administration of California Public Employees' Retirement System.

On December 28, 2012, more than 10 years after applying for and being awarded disability retirement, plaintiff and appellant Loring Winn Williams filed a petition for writ of mandate and complaint alleging his disability retirement from defendant and respondent Chino Valley Independent Fire District (District) was illegal.  Seeking to be "reinstated retroactively" to 2002, he claims that because his disability retirement was 55 days premature, the District, along with defendants and respondents California Public Employees' Retirement System and the Board of Administration of California Public Employees' Retirement System (both entities are collectively referred to as CalPERS) wrongfully retired him without his consent.  Defendants demurred and the trial court sustained the demurrers without leave to amend on the grounds the action was barred by the statute of limitations and judicial estoppel.  Judgment was entered in favor of defendants.  We affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

On an appeal from a judgment of dismissal on a demurrer, we treat plaintiffs' factual allegations as true.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)  We accept as true facts appearing in exhibits attached to the complaint, and, to the extent they conflict with the allegations in the pleading, we give them preference.  (*Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 767-768.)  "We also consider matters that may be judicially noticed.  [Citation.]"  (*Reynolds v. Bement* (2005)

2

36 Cal.4th 1075, 1083, fn. omitted.)  Here, the trial court granted the District's request to take judicial notice of designated records and documents from previous lawsuits between the parties which provide background for the present dispute.[1]

Williams became employed with the District on November 1, 1969, later earning the position of fire captain.  On October 30, 2000, he sustained an orthopedic back injury and was placed on leave of absence with full salary pursuant to Labor Code section 4850 (section 4850) until December 2001, when he returned to work.  Shortly after returning, Williams was diagnosed with skin cancer, and on January 28, 2002, the District placed him on section 4850 disability leave.

On or about June 21, 2002, Williams submitted an application to CalPERS for industrial disability retirement.  On July 3, 2002, Williams's attorney sent a letter to the District informing it of such application "due to injuries to [Williams's] low back and the development of skin cancer," and stating that "the *effective date* of the industrial disability retirement will be at the expiration of Labor Code [section] 4850 benefits." (Original italics.)  CalPERS forwarded Williams's retirement application to the District, ordering the District to make the determination of Williams's disability within six months and to include a specific finding "with respect to the disability for which the member will

_____

[1] "A single cause of action cannot be the basis for more than one lawsuit" (*Pitts v. City of Sacramento* (2006) 138 Cal.App.4th 853, 856), and a defendant may demur to a complaint on the ground that another action is pending between the same parties on the same cause.  (Code Civ. Proc., § 430.10, subd. (c); *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 191-192.)  The fact that such action is pending does not normally appear on the face of the complaint but is generally based on matters of which the court may take judicial notice.  (Code Civ. Proc., §§ 430.30, subd. (a), 430.70.)  A court may take judicial notice of records of any court of this state.  (Evid. Code, § 452, subd. (d).)

3

be retired." Following those instructions, the District's Board of Directors adopted Resolution No. 2002-14 on November 20, 2002, stating Williams would be retired as of that date as a result of his disability. The Resolution states in section (6) that "the primary disabling condition is orthopedic" based on Williams's back injury.[2] Thus, although Williams sought disability retirement based on "injuries to his low back and the development of skin cancer," the District rejected the development of skin cancer as the disabling condition. Williams had the right to cancel his disability retirement application at any time before it was officially approved by CalPERS. He also had the right to appeal the District's determination. (Gov. Code, former § 21156 [stats. 1995, ch. 379, § 2 (S.B. 541)].) He did not do either. Instead, he was retired on November 20, 2002, and has received retirement benefits continuously since then.

For nearly four years following his retirement (November 20, 2002, to August 2006) Williams took no action challenging the District's determination that his back injury was his disabling condition. Then in 2006, Williams decided that he no longer wanted to be on disability retirement and took several actions to be reinstated: First, he applied to the Workers' Compensation Appeals Board (WCAB) "to have his skin cancer recognized as 'permanent and stationary' and to have his retirement date correctly determined." In August 2006, he submitted an application for "Reinstatement From Disability/Industrial Disability Retirement." His application was rejected, and thus, on

---

[2] Williams's verified first amended petition for writ of mandate/complaint (FAC) asserts that the District retired him for "work-related disabilities relating to his back injury and cancer."

4

February 25, 2008, he initiated his first action, case No. CIVRS801732, later amended on November 16, 2009, by filing a verified complaint against the District for damages and injunctive relief for employment discrimination (First Action). Williams alleged that he was "awarded an industrial retirement disability in November, 2002," and as a disability retiree, he was entitled to reinstatement.

While the First Action was pending, on October 9, 2008, the WCAB issued an opinion on Williams's application to recognize his skin cancer as permanent and stationary. The opinion denied Williams's claim for injury to his "psyche"; however, it granted 12 percent permanent disability for injury to his skin and ears. It found that Williams was "temporarily totally disabled" from September 11, 2002, through January 14, 2003, thus establishing a "permanent and stationary" date. The opinion determined that Williams was permanent and stationary as of January 14, 2003, for his skin cancer injury, granted section 4850 pay through November 19, 2002, reiterated that his retirement date was November 20, 2002, and expressly stated that the WCAB had no jurisdiction over his retirement date.[3] The October 9, 2008, opinion was issued more than four years prior to the filing of this action.

_____

[3] "Applicant claims [section] 4850 time from September 11, 2002 through January 10, 2003. Defendant has paid [section] 4850 time ending on September 10, 2002. [¶] Applicant had additional treatment subsequent to September 10, 2002 to his skin for removal of skin cancer from his nose. Based on applicant's testimony and on the permanent and stationary report of Dr. Alaiti dated January 14, 2003, applicant shall be found to be temporarily totally disabled from September 11, 2002 through January 14, 2003. [¶] Defendant shall be ordered to pay [section] 4850 time payments from September 11, 2002 through November 19, 2002, less credit for amounts previously paid. Applicant's formal retirement date is November 20, 2002. Labor Code Section 4853

*[footnote continued on next page]*

5

On December 1, 2008, in the First Action, the trial court issued a peremptory writ of mandate ordering the District to cause a medical examination to be conducted pursuant to Government Code section 21192 to determine whether Williams remained incapacitated to perform the duties of his former position as Fire Captain. Two medical evaluations of Williams were conducted. It was concluded that Williams was no longer disabled from the position of Fire Captain. As a result, on June 10, 2009, at a public meeting, the District's Board of Directors made a determination that Williams "is no longer disabled for purposes of [CalPERS], and is eligible to submit to the Requalification procedure pursuant to Personnel Rule 6.10." On or about July 29, 2009, Williams submitted documentation evidencing his "Class B driver's license and EMT certification"; however, he did not submit his written request to be considered for the District's requalification process until March 25, 2010.

During the pendency of the First Action, on July 1, 2009, Williams informally sent a copy of the WCAB opinion to CalPERS and asked for his retirement date to be changed to January 14, 2003. He did not copy the District on this correspondence. On or about July 3, 2009, CalPERS sent a letter to the District notifying it about the dispute regarding the effective date of Williams's retirement, and opining that such date should be changed from November 20, 2002, to January 14, 2003, based on the WCAB's determination of Williams's permanent and stationary date with respect to his skin cancer.

---

*[footnote continued from previous page]*

prohibits further payment subsequent to retirement from service. [¶] This court has no jurisdiction to alter or modify applicant's retirement date."

On July 29, 2009, the District replied to the CalPERS letter by providing additional information regarding Williams's retirement and explaining why his retirement date was correct. Specifically, the District informed CalPERS that Williams had pursued multiple claims of injury through the workers' compensation system, including the skin cancer; however, he was retired for a lower back injury of October 30, 2000, for which he had received a full year of section 4850 benefits. The District further notified CalPERS that it had never received a copy of the letter that Williams had sent to CalPERS. On December 29, 2009, CalPERS sent a letter to the District stating: "After review, we have concluded that the information provided to us by Mr. Loring Williams was incomplete. Based upon the information forwarded by your attorneys, we now agree that the retirement date of November 20, 2002 is accurate. Our determination is based upon Government Code sections 21252 and 21164."

In July 2010, both parties moved for summary judgment/adjudication in the First Action. On October 13, 2010, the trial court ruled against the District and in favor of Williams, "establishing that as a matter of law, [the District] has a duty to reinstate [him] as a Fire Captain when [the District] has the first such opening for a Fire Captain position, and that in the process of reinstatement, [the District] has a duty to engage in an interactive process and provide accommodation." The District filed its petition for peremptory writ of mandate or prohibition asking this court whether the trial court's ruling was in error. On February 23, 2011, in the case of *Chino Valley Independent Fire District v. Superior Court*, No. E052123, this court granted the District's petition, and the trial court was ordered to grant the District's motion for summary judgment and deny

Williams's motion for summary adjudication. We found: "[Williams] provided no authority directly supporting his claim that an employer has a legal obligation to rehire an employee who previously elected to *retire* for disability but now claims to be recovered. . . . [¶] [Williams] was not a 'temporarily separated' employee; he had retired. The distinction makes a difference. In our view—based, we think, on common sense and common understanding—'retirement' is a generally permanent life choice and reflects the understanding of both parties that the employer/employee relationship has terminated. 'Retirement' is not the same thing as 'leave of absence,' and no amount of saying it will make it so." Williams's petition for review to the Supreme Court was denied. On January 25, 2012, judgment was entered in favor of the District and against Williams.

On July 10, 2012, Williams sued the District for a second time (this time in federal court) alleging various discrimination claims. He claimed that he should have been on the eligibility list for reinstatement from retirement based on his status as a disability retiree. On October 30, 2012, the United States District Court granted the District's motion to dismiss Williams's federal court action. Judgment was entered in favor of the District on November 8, 2012.

On December 28, 2012, Williams initiated this action, case No. CIVRS1209897, against the District and CalPERS, and by way of his FAC filed on April 11, 2013, he alleged illegal retirement and sought a judicial determination of his retirement date. Attached as exhibits to the FAC are the July 3, 2002, letter from Williams's attorney to the District regarding Williams's application for industrial disability retirement; the

8

WCAB October 9, 2008, opinion regarding Williams's permanent disability; the July 3, 3009, letter from CalPERS to the District stating that Williams's retirement date should be January 14, 2003; the minutes from the June 10, 2009, District's Board of Directors meeting making the determination that Williams was no longer disabled; the July 29, 2009, letter from the District's attorney to CalPERS regarding Williams's retirement date on November 20, 2002; and the December 29, 2009, letter from the CalPERS to the District confirming Williams's retirement date of November 20, 2002.

On May 28, 2013, the District demurred to the FAC on the grounds that his claims are barred by the statute of limitations and collateral estoppel. Along with the demurrer, the District lodged its answer and filed a motion to strike portions of the complaint, along with a request for judicial notice. On or about June 13, 2013, CalPERS also filed its demurrer/motion to strike and lodged an answer to the complaint. Williams opposed the demurrers. Following argument, the trial court sustained the demurrers without leave to amend on the ground that the action was barred by the three-year statute of limitation under Code of Civil Procedure section 338, subdivision (a); barred by the doctrine of judicial estoppel; and Williams was not illegally retired, given his consent to disability retirement on November 20, 2002. Judgment was entered in favor of defendants.

Williams appeals from the judgment of dismissal, contending: (1) the trial court exceeded its jurisdiction when it reheard workers' compensation issues which had already been fully litigated and decided before the WCAB; (2) the trial court committed reversible error by applying a three-year statute of limitations period on an action to enforce a WCAB's final decision, rather than the 10-year statute of limitations on

9

enforcement of final judgments; and (3) the trial court misapplied the doctrine of judicial estoppel by using it to prohibit the enforcement of a WCAB decision.[4]

We review the sufficiency of the factual claims de novo, and we review the trial court's determination not to grant leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## II. DISCUSSION

Regardless of how Williams has chosen to frame the issues on appeal, the critical questions raised by defendants' demurrers are whether Williams's allegations demonstrate that he consented to his disability retirement on November 20, 2002; whether Williams's challenge to the retirement date of November 20, 2002 was untimely; and whether Williams is estopped from relitigating issues previously adjudicated in favor of defendants. The answers to these questions are fatal to Williams's action.

## A. Background.

The legal issues in this case require a brief review of the pension system of which Williams is a member and the rights to which he is entitled. Under the California Public

---

[4] On April 30, 2014, Williams requested this court take judicial notice of four documents: (1) a certified copy of the October 9, 2008, WCAB decision; (2) the minutes of the November 6, 2007, WCAB trial; (3) a copy of the District's trial brief in the WCAB case involving Williams; and (4) a copy of Williams's trial brief in the WCAB case. Defendants opposed Willaims's request. By order filed May 13, 2014, we reserved decision on the judicial notice request for consideration with the appeal. The request is denied. (*Brosterhous v. State Bar of California* (1995) 12 Cal.4th 315, 325-326 [appellate court may properly decline to take judicial notice of a matter which should have been presented to the trial court for its consideration in the first instance]; *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2 [absent exceptional circumstances, appellate courts do not take judicial notice of evidence not presented to the trial court].)

10

Employees' Retirement Law (Gov. Code, § 20000 et. seq.), the District, by contract with CalPERS, has made its firefighters members of CalPERS. (Gov. Code, § 20460.) The contract subjects the District as contracting agency and its employees "to all provisions of this part and all amendments thereto applicable to members . . . except those provisions that are expressly inapplicable to a contracting agency until it elects to be subject to those provisions." (Gov. Code, § 20506.) Under CalPERS, a firefighter member incapacitated for the performance of duty as a result of an industrial disability shall be retired for disability. (Gov. Code, § 21151, subd. (a).)

Although the application for industrial disability pension is formally submitted to the governing board of CalPERS, the determination whether a local firefighter member is incapacitated for the performance of duties is delegated to the governing body of the contracting agency, i.e., the District, which then certifies its determination to CalPERS. (Gov. Code, § 21154.) Although Government Code sections 21154 and 21156 do not expressly specify the procedures by which the local contracting agency makes its determination, case law holds that the contracting agency, when exercising this delegated power, is governed by the administrative adjudication rules of the Administrative Procedures Act. (*Garner v. City of Riverside* (1985) 170 Cal.App.3d 510, 516; *Watkins v. City of Santa Ana* (1987) 189 Cal.App.3d 393, 396-397 [evidentiary hearing required to determine whether member is disabled]; *Ragan v. City of Hawthorne* (1989) 212 Cal.App.3d 1361, 1364, 1366 (*Ragan*).)

Here, the District found that Williams was disabled based on one of two potentially disabling conditions.

11

**B. Williams Consented to His Disability Retirement Date of November 20, 2002.**

Government Code section 21164, in relevant part, provides: "Notwithstanding any other provision of this article, the *retirement for disability* of a local safety member . . . *shall not be effective without the member's consent earlier than the date upon which leave of absence without loss of salary under Section 4850 of the Labor Code because of the disability terminates*, or the earlier date during the leave as of which the disability is permanent and stationary as found by the Workers' Compensation Appeals Board." (Gov. Code, § 21164, italics added.)

Between October 2000 and December 2001, Williams was on disability leave pursuant to section 4850 as a result of a back injury. Less than two months after his return to work, on January 28, 2002, he was again placed on section 4850 disability leave upon being diagnosed with skin cancer. On or about June 21, 2002, Williams applied for industrial disability retirement "due to injuries to his low back and the development of skin cancer." The District was required to determine whether he was disabled and "the disability for which [he] will be retired." On November 20, 2002, the District determined that Williams would be disability retired as of November 20, 2002, and "the primary disabling condition is orthopedic" based on Williams's back injury. Thus, the District rejected Williams's claim for disability retirement based on skin cancer. Following such determination, Williams retired without challenging the District's determination of his primary disabling condition. This action, filed on December 28, 2012, is the first challenge to the District's determination.

12

Given these facts, we conclude that Williams consented to the District's determination that (1) his back injury was his disabling condition and (2) the effective date of his disability retirement was November 20, 2002. As such, he received a full year of section 4850 benefits.

**C. Williams's Challenge to the Retirement Date of November 20, 2002, was Untimely.**

Notwithstanding the above, Williams ignores the District's decision to use his back injury as the disabling condition, claiming that the District unlawfully forced him to accept a disability retirement prior to the expiration of his section 4850 benefits. According to Williams, his disabling condition was his skin cancer, which the WCAB's October 9, 2008, decision recognized as permanent and stationary on January 14, 2003. Thus, he contends that the trial court was required to enforce the WCAB's decision. We reject his contention for the following reasons.

As previously noted, Williams requested disability retirement for either his back injury or his skin cancer. While the District found that his disabling condition was his back injury, its silence on the skin cancer condition implies that it did not determine that to be a disabling condition. According to Government Code former section 21156, Williams had the right to appeal the District's determination; however, he failed to do so. Instead, the record shows that he accepted his retirement date of November 20, 2002, and began receiving retirement benefits. For nearly four years, Williams never questioned the District's determination that it was his back injury that served as the disabling condition. However, in August 2006, Williams decided that he no longer wanted to be on disability

13

retirement and initiated actions to be reinstated. His First Action was to apply to the WCAB "to have his skin cancer recognized as 'permanent and stationary' and to have his retirement date correctly determined.'" On October 9, 2008, the WCAB opined that Williams's skin cancer was permanent and stationary as of January 14, 2003.

Williams emphasizes the WCAB's opinion regarding the date that his skin cancer was considered to be permanent and stationary despite the fact that the District did not determine his skin cancer to be his disabling condition for retirement purposes. All things considered, if Williams did not agree with the District's determination of his disabling condition and/or his retirement date of November 20, 2002, he should have challenged either or both determinations within a reasonable period of time thereafter. However, it took Williams until August 2006, nearly four years later, to apply to the WCAB for an opinion as to the permanent and stationary date for his skin cancer, and the WCAB did not issue an opinion until October 9, 2008. Even after receiving this opinion, Williams failed to initiate this action until December 28, 2012. Thus, we must decide whether Williams's challenge to the District's determination of his retirement date of November 20, 2002, was untimely. It was.

"The statute of limitations applicable to a writ of mandamus under Code of Civil Procedure section 1085 depends upon the nature of the obligation to be enforced. [Citation.]" (*Ragan*, *supra*, 212 Cal.App.3d at p. 1367.) Here, Williams seeks to enforce his statutory right to retirement benefits. (*Hudson v. Posey* (1967) 255 Cal.App.2d 89, 91.) The applicable statute of limitations is three years for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." (Code Civ. Proc. § 338, subd. (a);

14

see *Pasquinelli v. State of California* (1975) 45 Cal.App.3d 457, 461-462 [three-year statute of limitations applies to action for reinstatement to a leave of absence without loss of salary pursuant to Labor Code, section 4800]; *Pearson v. County of Los Angeles* (1957) 49 Cal.2d 523, 540; *Pena v. City of Los Angeles* (1970) 8 Cal.App.3d 257, 262 (*Pena*).) Since Williams's action is based on statutory obligations under the Public Employees' Retirement Law, the three-year statute of limitations applies.

A civil action must be commenced within the period prescribed in the code after the cause of action has accrued. "A cause of action accrues when a suit may be maintained thereon, and the statute of limitations begins to run on the date of the accrual." (*Pena*, *supra*, 8 Cal.App.3d at p. 262.) Here, the District determined Williams's retirement date and disabling condition on November 20, 2002. Williams does not claim that he was unaware of such determination, nor can he make such claim given the facts presented to this court. Nonetheless, Williams claims he "disputed" the District's determination of his November 20, 2002, retirement date, and when he was unable to resolve the dispute, he applied to the WCAB to have the "'permanent and stationary' date of his cancer determined." However, such application was not made until 2006, nor are there any facts of what actions Williams took from November 20, 2002, to 2006 to evidence his dispute. Rather, Williams was aware of his retirement date and began receiving retirement pay instead of section 4850 pay. Thus, Williams's cause of action to challenge his allegedly improper retirement date and/or incorrect disabling condition accrued at the time he was originally awarded retirement through a resolution of the District's Board of Directors on November 20, 2002. As such, Williams had until

15

November 20, 2005, to challenge the District's determination. Having failed to take any action by such date, he is now time-barred from doing so.[5] Defendants' demurrers to the FAC were properly sustained.

Furthermore, the trial court correctly denied Williams leave to amend. Both at the trial court and on appeal, Williams has failed to show how he could plead around the statute of limitations if given the chance to amend the FAC. (*San Diego City Firefighters, Local 145 v. Board of Administration etc.* (2012) 206 Cal.App.4th 594, 606.) The statutory bar to this action is apparent from the face of the pleadings and from matters judicially noticeable. Accordingly, the trial court did not err in sustaining defendants' demurrers to the FAC without leave to amend.

---

[5] Even if Williams took informal actions (such as correspondence between the parties in which he requested the District to reconsider its determination), the statute of limitations is not normally tolled merely by correspondence between the parties. (*Peles v. La Bounty* (1979) 90 Cal.App.3d 431, 437.) Furthermore, even if the statute of limitations had been satisfied, we would conclude that laches applies. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 68-69 ["'laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay'"]; see *Conti v. Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359, fns. omitted.) Williams acquiesced to his retirement for nearly four years before taking any action to challenge the District's determination. More importantly, he waited more than 10 years before initiating this action. Not only was this delay unreasonable, but it was prejudicial to the District. According to Williams, if he prevails on his action, the District should "reinstate [his] employment retroactively as of November 20, 2002," or reinstate him forthwith. Thus, if Williams is reinstated, another employee would be displaced and the District would face paying Williams more than 10 years of back pay. The back pay alone constitutes an improper windfall resulting solely from Williams's unreasonable delay in initiating this action.

16

**D. Williams Is Estopped from Relitigating Issues Previously Adjudicated in Favor of Defendants.**

The entire premise of this action is that Williams was illegally retired. Defendants contend that he should be judicially estopped from making such claim, given his prior legal actions attempting to force the District to reinstate him from retirement. Having concluded that Williams's action is barred by the statute of limitations, this issue is moot. Even if we reached the issue, it would not be resolved in Williams's favor. For Williams to have claimed that he was illegally retired after seeking reinstatement from retirement was putting the cart before the horse. If Williams always believed that he was illegally retired, he should have raised such issue first. If he lost on that issue, and it was determined that he was legally retired, then he should have raised the issue of reinstatement. Reinstatement from retirement inherently presumes a legal retirement. (Gov. Code, §§ 21190, 21193.)

## III. DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORT

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

KING

J.