[No. B021867. Second Dist., Div. Five. Feb. 10, 1987.]

BAHEG BISTAWROS, Plaintiff and Appellant, v.
BERT D. GREENBERG et al., Defendants and Respondents.

---

**COUNSEL**

Baheg Bistawros, in pro. per., for Plaintiff and Appellant.

Frank, Greenberg & Simone and Martin Simone for Defendants and Respondents.

---

**OPINION**

**EAGLESON, J.**—Baheg Bistawros (appellant) appeals from a judgment of dismissal entered after a demurrer to his complaint was sustained without leave to amend. We affirm the trial court's judgment and impose sanctions against appellant for pursuing a frivolous appeal.

### FACTS

Appellant's complaint alleges four purported causes of action against Attorney Bert Greenberg and his law firm (respondents), whom appellant

hired to represent him in his quest for religious asylum in the United States. In short, the complaint alleges respondents falsified several documents in appellant's file while hiding several other documents from him. These acts are said to have been undertaken in the furtherance of a conspiracy between respondents and the "Underground Egyptian Intelligence Agency of the Egyptian Embassy." Additionally, it was claimed that when appellant learned that no action or inappropriate action had been taken by respondents, appellant attempted to take his original file from respondents' office. Thereafter, appellant was illegally detained and physically mistreated when a member of respondent law firm called the police to prevent appellant's removal of the file from the office.

On February 20, 1985, appellant and his brother, Samuel Bistawros, filed a complaint against Greenberg and the other named defendants, alleging substantially the same facts mentioned above (Super. Ct. L.A. County, 1985, No. C535165).[1] On April 21, 1986, appellant instituted the present action by filing a second complaint involving the same facts, parties and issues contained in his February 20, 1985, complaint. Respondents demurred to this second complaint on the ground that the earlier cause of action involved the same cause of action against the same parties. The trial court sustained the demurrer without leave to amend.

## DISCUSSION

■ Appellant's claim that the demurrer was improperly sustained is patently insupportable. It is well settled that the law abhors vexatious and unnecessary litigation wherein several lawsuits are brought involving the same parties and subject matter. (*National Auto Ins. Co.* v. *Winter* (1943) 58 Cal.App.2d 11, 16 [136 P.2d 22].) An objection to a complaint on the basis that a substantially similar lawsuit is pending is properly raised by demurrer (Code Civ. Proc., § 430.10, subd. (c)),[2] provided the defect appears

---

[1]Without refuting the existence of the earlier action, appellant carefully avoids any reference to it in this proceeding. In the same breath, he disingenuously seeks to prevent respondents from doing so by claiming that lawsuit has not been made a part of the instant record. California Rules of Court, rule 5.1(b)(2) states the appellant's appendix shall contain "such documents as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised." Appellant's argument demonstrates a deliberate and deceitful noncompliance with this rule.

Pursuant to Evidence Code section 452, subdivision (d), we judicially notice the existence of the earlier filed action. We note also that although the status of this action is presently unknown, our clerk's records indicate that an attempt to appeal from the denial of a motion for default judgment was dismissed (2d Civ. B015490).

[2]Code of Civil Procedure section 430.10 provides, in pertinent part: "The party against whom a complaint ... has been filed may object, by demurrer ... as provided in Section 430.30, to the pleading on any one ... of the following grounds: [¶] .... [¶] (c) There is another action pending between the same parties on the same cause of action."

on the face of the pleading or from judicially noticed facts. (Code Civ. Proc., §§ 430.30 subd. (a), 430.70;[3] *SKF Farms* v. *Superior Court* (1984) 153 Cal.App.3d 902, 905 [200 Cal.Rptr. 497].)

In the instant matter, respondents requested the superior court to judicially notice other actions filed by appellant. It did so, and it is clear that the within complaint is substantially similar to the one filed in the earlier action. Consequently, the trial court properly sustained the demurrer herein without leave to amend.

Finally, appellant appears to argue that the court's judgment of dismissal should be reversed due to judicial misconduct. We find none. Appellant neglects to provide us with a transcript establishing that comments allegedly made by the judge were prejudicial. More importantly, it does not follow that the court's ruling was prejudicially motivated. The record unequivocally confirms that the trial court's ruling was correct.

### Sanctions

Pursuant to Code of Civil Procedure section 907, sanctions may be awarded for the filing of a frivolous appeal. (See also Cal. Rules of Court, rule 26(a).) ██ *In re Marriage of Flaherty* (1982) 31 Cal.3d. 637 [183 Cal.Rptr. 508, 646 P.2d 179] sets forth alternate subjective and objective guidelines for determining whether an appeal is frivolous: "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment —or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id.* at p. 650.) ██ Here, the imposition of sanctions is supported under both tests.

By filing a second complaint alleging the same facts earlier alleged against the same parties, appellant propelled respondents onto a treadmill of court appearances and legal research. This unwarranted appeal can be explained in only two ways—either appellant is ignorant of the law or his motivations are improper.

---

[3]Code of Civil Procedure section 430.30, subdivision (a) provides: "When any ground for objection to a complaint ... appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading."

Code of Civil Procedure section 430.70 provides: "When the ground of demurrer is based on a matter of which the court may take judicial notice pursuant to Section 452 or 453 of the Evidence Code, such matter shall be specified in the demurrer, or in the supporting points and authorities for the purpose of invoking such notice, except as the court may otherwise permit."

The notion of ignorance is discounted in light of the character and volume of judicially noticed appeals appellant has filed within the past 22 months. (Evid. Code, § 452, subd. (d).)[4] Indeed, his appellate undertakings over that period of time surpass the number of appeals most attorneys file in a lifetime of practice. His sophistication in this area is far beyond that possessed by the ordinary layperson. The various appellate records evince more than a rudimentary understanding of the appellate process. They also establish appellant's ability to clearly advocate a legal point. We conclude that at the time appellant chose to file the instant appeal, he was fully aware of the nature and extent of his appellate undertaking.

When an appellant decides to represent himself in propria persona, "he is entitled to the same, but no greater, consideration than other litigants and attorneys. [Citations.]" (*Nelson* v. *Gaunt* (1981) 125 Cal.App.3d 623, 638 [178 Cal.Rptr. 167].) The notion of improper motive is circumstantially indicated by appellant's unsuccessful attempt to conceal the existence of the first suit (see fn. 1, *ante*). Its revelation, of course, spelled finis to his appellate efforts here. A pro. per. litigant is held to the same restrictive procedural rules as an attorney. (*Nelson* v. *Gaunt, supra,* 125 Cal.App.3d at pp. 638-639.)

For the reasons we have explained, the lack of merit in this appeal is readily apparent, and no reasonable attorney would conclude otherwise. There is no doubt this appeal is also frivolous under the *Flaherty* "objective" standard. (31 Cal.3d at p. 650.)

---

[4]Not counting the instant matter, appellant has filed a total of 14 appeals. Ten of them have been unsuccessful, resulting in dismissal or affirmation of the judgments. The other four are currently pending.

Appeals Nos. B018211 (*Bistawros* v. *Hubbard, etc.*) and B019611 (*Bistawros* v. *Hubbard, etc.*) were dismissed as frivolous.

Appeal Nos. B015446 (*Bistawros* v. *Hwang*); B015490 (*Bistawros* v. *Law Offices of Frank, Greenberg, Simone & Winston, Inc. et al.*); B016236 (*Bistawros* v. *Rugg*); and B016661 (*Bistawros* v. *Los Angeles Couny Sheriff et al.*) were all dismissed because the orders appealed from were "nonappealable orders."

In appeal No. B014551 (*Bistawros* v. *Washington Inventory Service, Inc., et al.*) the appellate court affirmed an order granting a motion to quash service of summons.

In appeal No. B015015 (*Bistawros* v. *Los Angeles County Sheriff et al.*) the appellate court affirmed an order denying plaintiff's Government Code section 946.6 petition for relief from Government Code section 945.4's claim filing requirement.

In appeal No. B017557 (*Bistawros* v. *Washington Inventory Service, Inc.*) the appellate court affirmed a judgment sustaining a demurrer to Bistawros's complaint without leave to amend.

In consolidated appeal Nos. B014550, B015442 and B015491 (*Bistawros* v. *World Vision, Inc. et al.*), the appellate court affirmed a judgment of dismissal entered following the sustaining of a demurrer to Bistawros's complaint without leave to amend. In the same consolidated appeal, appellant also challenged the trial court's sustaining of the demurrer and its granting of defendant's motion for entry of judgment.

## Disposition

The judgment is affirmed. A penalty of $2,500 is assessed against appellant Baheg Bistawros, payable to respondents.

Feinerman, P. J., and Ashby, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 22, 1987. Eagleson, J., did not participate therein.