Filed 7/17/14  ARM v. Bruzzone CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ARM, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL BRUZZONE, <br><br> Defendant and Appellant. | H039438 <br> (Santa Clara County <br> Super. Ct. No. 1-12-CH-004644) |

Appellant Michael Bruzzone, acting in propria persona here and in the court below, appeals from a workplace violence restraining order entered against him pursuant to Code of Civil Procedure section 527.8 (hereafter "section 527.8").  On appeal, appellant contends that the "the damning 3 year restraining order should be struck down and expunged from the Santa Clara Superior Court and State record."  As set forth below, appellant has failed to present an intelligible legal argument supported by citation to facts in the appellate record, and we therefore will affirm.

### BACKGROUND

On December 5, 2012, ARM, Inc. (hereafter "ARM") filed a petition, pursuant to section 527.8, seeking a restraining order prohibiting appellant from engaging in the following conduct:  harassing or intimidating five named ARM employees; engaging in violence or threats of violence against the named employees; following or stalking the

named employees; contacting the named employees; and coming within 300 yards of the named employees or their workplace. The petition alleged that appellant was terminated from employment at ARM, that appellant "expressed frustration and anger at having been 'blacklisted' at ARM," that appellant had engaged in "erratic" behavior and exhibited signs of "paranoia" in recent weeks, and that appellant made a "credible threat of violence" against ARM employees.

On January 15, 2013, appellant filed a "Declaration of Mike Bruzzone in Opposition to Restraining Order as a Constructed Fraud by Certain ARM Employees for Continuation as Employment Blacklisting Device Conciously [*sic*] in Parrallel [*sic*] with Intel Corp. Cartel Crime Ring Sub Group." In the declaration, appellant asserted that he was "being framed in a continuing Intel inter corporate sub group network crime," that "Intel has ARM in its sights," and that a "continuous fandango" was occurring at ARM.

The trial court held a hearing on the section 527.8 petition on January 15, 2013. One of the ARM employees named in the petition testified at the hearing. Appellant also testified at the hearing. At the conclusion of the hearing, the court granted ARM's section 527.8 petition, and it ruled that the restraining order would issue for three years.

The court issued a "Workplace Violence Restraining Order After Hearing" on January 15, 2013. The restraining order prohibited appellant from engaging in the following conduct: harassing the five named ARM employees; committing acts of violence or making threats of violence against the named employees; following or stalking the named employees; contacting the named employees by any means; taking action to obtain the named employees' addresses; and coming within 300 yards of the named employees or their workplace.

Appellant filed a timely notice of appeal. This appeal followed.[1]

---

[1] ARM filed a "Motion to Dismiss Appeal," which this court ordered to be considered with the appeal. We deny that motion.

2

## DISCUSSION

### *Appellant's Argument*

Appellant's argument is confusing, and his contentions seem to be unrelated to the validity of the restraining order. Specifically, he asserts that ARM employees and "conspirators" are "framing Appellant, in a constructed fraud, that are the very old crimes too misprision, defame, discredit, disqualify a Federal and State's witness, to obstruct the administration of justice in this and other Federal, State, and private consumer class action law matters concerning Intel Microsoft Ziff Davis Combined Cartel Operation [*sic*]." He further asserts: "It is not the manner of United States Justice to terminate a man's employment search too blacklist him by fraudulent construction before the accused has met his accusers face-to-face, and has been given a chance to defend himself against charges by exposing their 180 month conspiracy to harm him [*sic*]." In support of his argument, appellant cites the following authorities: federal case law discussing the crime of assault, federal case law pertaining to the Sixth Amendment, and federal case law regarding the right to cross-examination. He fails to cite to the appellate record in making his argument.

### *Appellant Has Failed to Show Error*

"An appealed judgment or challenged ruling is presumed correct." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 (*Bullock*).) Thus, the "appellant has the burden to show error." (*Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 80.) "An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock, supra,* 159 Cal.App.4th at p. 685.)

"When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) A reviewing court

3

need not consider an issue when the appellant "has presented no intelligible legal argument." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument . . . allows this court to treat the contentions as waived." (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 830.)

"To demonstrate error, [an] appellant must present . . . citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "The reviewing court is not required to make an independent, unassisted study of the record in search of error . . . . It is entitled to the assistance of counsel." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 701, p. 769.) A reviewing court is "not required to search the record to ascertain whether it contains support for [the appellant's] contentions." (*Mansell v. Board of Administration, supra,* 30 Cal.App.4th 539, 545.)

"When an appellant decides to represent himself in propria persona, 'he is entitled to the same, but no greater, consideration than other litigants and attorneys. [Citations.]' " (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) "A pro. per. litigant is held to the same restrictive procedural rules as an attorney." (*Ibid.*)

Here, appellant has not shown that the trial court erred in issuing the restraining order. He fails to discuss section 527.8, he fails to cite any case law pertaining to section 527.8, he fails to cite to any facts in the record that suggest that the restraining order was invalid, and he fails to present a coherent argument that describes possible flaws in the restraining order. Rather, he makes an incomprehensible argument regarding a "conspiracy," a "constructed fraud," and a "Combined Cartel Operation." Although appellant briefly mentions some federal legal principles, he never explains how those legal principles pertain to the restraining order issued against him, and he never cites to portions of the record where those legal principles were potentially implicated. Accordingly, because appellant has failed to present an intelligible legal argument

4

supported by citation to facts in the appellate record, we will affirm the restraining order issued against him.

## DISPOSITION

The order appealed from is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.