Filed 5/6/16  Matlock v. Kelly CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| PAUL MATLOCK, | D068640 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVBS1500025) |
| PAUL KELLY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Bernardino County, Larry W. Allen, Judge.  Affirmed.

Paul Matlock, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Paul Matlock sought an order under Code of Civil Procedure[1] section 527.6 to enjoin Paul Kelly from continuing to harass Matlock.  The court denied the order, and Matlock appeals that ruling (§ 904.1, subd. (a)(6)), contending the order should have been granted.

---

[1]     Statutory references are to the Code of Civil Procedure.

PRELIMINARY OBSERVATIONS

On appeal, Matlock—who appears in propria persona—interposes arguments that are largely incoherent. A civil litigant must abide by the same procedures, including appellate procedures, whether or not he or she chooses to employ an attorney. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) That obligation places on Matlock, as the party who brought this appeal, the burden to show reversible error. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.)

Matlock's opening brief is incomprehensible, as it does not provide an intelligible factual and procedural background and does not provide any coherent linkage between his legal arguments and his claim of reversible error. It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) An appellate court is not required, on its own motion, to develop arguments for an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.) If an order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777), and it rests on the appellant to show reversible error, which means the "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] . . . Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) In

2

spite of the defects in petitioner's briefing, we address the merits of his appeal insofar as we understand the basis for his claims and the arguments he posits.

## FACTS

As best we can determine, Matlock sought relief under section 527.6 because he argued Kelly was then prosecuting a different lawsuit against Matlock (the Kelly lawsuit), and Matlock claimed the Kelly lawsuit was barred by res judicata and therefore pursuit of it by Kelly against Matlock constituted harassment that could be enjoined under section 527.6. Kelly opposed the motion, asserting the Kelly lawsuit was still pending and Matlock's request for injunctive relief was an effort to avoid his discovery obligations in the Kelly lawsuit. The court denied Matlock's request for a restraining order, and he timely appealed.

## ANALYSIS

We presume Matlock sought the injunctive relief below to restrain Kelly from continuing to prosecute the Kelly lawsuit against Matlock, allegedly because the Kelly lawsuit was barred by res judicata principles. Although res judicata may be raised by Matlock in the Kelly lawsuit as an affirmative defense (see, e.g., *Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82, 88-89), Matlock cites no case suggesting an injunction under section 527.6 is available to bar the Kelly lawsuit from proceeding on its merits. To the contrary, section 527.6 provides: "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting [that conduct]." (*Id.*, subd. (a)(1).) For purposes of

3

section 527.6, the statute defines "[h]arassment" as including a "knowing and willful *course of conduct* directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (*Id*., subd. (b)(3).)

The statute in turn states that, for purposes of section 527.6, a " '[c]ourse of conduct' is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or computer email.  *Constitutionally protected activity is not included within the meaning of 'course of conduct*.' "  (*Id*., subd. (b)(1), italics added.)

Filing and pursuing a lawsuit is at the core of constitutionally protected activities. (See, e.g., *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [constitutional right to petition includes filing and pursuing litigation].)  Because it appears Matlock limited his allegations and proof to allegations Kelly had engaged in constitutionally protected activity, and that conduct is *statutorily disqualified* as a "course of conduct" that can constitute "harassment," Matlock did not show Kelly had engaged in any *unprotected* "course of conduct" for which the protections envisaged by section 527.6 might be invoked.  (Cf. *Grant v. Clampitt* (1997) 56 Cal.App.4th 586, 592.)  The court properly denied his request for relief under section 527.6.

4

DISPOSITION

The order is affirmed.  Kelly is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.