Filed 7/18/16  Mercado v. JP Morgan Chase Bank CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JANET MERCADO et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A. et al.,<br><br>        Defendants and Respondents. | A146813<br><br>(Alameda County<br>Super. Ct. No. HG14748880) |

Plaintiffs Janet Mercado and Jay Fajardo, acting in propria persona here and in the court below, filed this appeal after the trial court issued its order sustaining defendants'[1] demurrer to their first amended complaint (FAC) without leave to amend and entered judgment dismissing their lawsuit.  On appeal, plaintiffs contend that defendants "illegally, deceptively and/or otherwise unjustly, qualified Plaintiff/Appellants for a loan which they knew or should have known that she could not qualify for or afford."  As set forth below, plaintiffs have failed to present an intelligible legal argument supported by citation to an appellate record, and we therefore will affirm.

---

[1] The defendants and respondents in this appeal are Nationstar Mortgage LLC, ReconTrust Company, N.A., Wells Fargo Bank, N.A., The Bank of New York Mellon, as Trustee for Holders of SAMI II Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1, and Mortgage Electronic Registration Systems, Inc.

**BACKGROUND**

Because plaintiffs have not provided this court with a proper record on appeal, we will not set forth the factual background of this case in any detail. The specific facts are known to the parties and, as will be seen, are largely irrelevant to our disposition of this matter.

**DISCUSSION**

As noted above, defendants prevailed below after their demurrer to the FAC was sustained without leave to amend. On appeal, plaintiffs elected to provide the record by filing an appendix under California Rules of Court, rule 8.124.[2] That rule specifies that an appendix must contain all items required by rule 8.122(b)(1), as well as "[a]ny item listed in rule 8.122(b)(3) that is necessary for proper consideration of the issues, including, for an appellant's appendix, any item that the appellant should reasonably assume the respondent will rely on[.]" (Rule 8.124(b)(1)(A), (B).) The contents of the appendix must be arranged chronologically. (Rules 8.124(d)(1), 8.144(a)(1)(C).) Plaintiffs have not followed these rules. Their appendix merely contains several unnumbered pages of various documents that appear to relate to their mortgage. Most critically, they do not provide a copy of the FAC or defendants' demurrer.[3]

"An appealed judgment or challenged ruling is presumed correct." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 (*Bullock*).) Thus, the "appellant has the burden to show error." (*Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 80.) "An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock,* at p. 685.) A reviewing court is "not required to search the record to ascertain whether it contains support for [the appellant's] contentions." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545 (*Mansell*).)

---

[2] All further rules citations are to the California Rules of Court.

[3] The trial court's ruling is attached to their notice of appeal, but is not made a part of the record.

We emphasize that a reviewing court is not required to make an independent, unassisted study of the record in search of error. It is entitled to the assistance of counsel. And "[w]hen an appellant decides to represent himself [or herself] in propria persona, 'he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys.' " (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) "A pro. per. litigant is held to the same restrictive procedural rules as an attorney." (*Ibid.*) In our experience, many pro. per. litigants do adequately brief their cases and adhere to the rules of appellate procedure. Such is not the case here.

In addition to providing us with an inadequate record, plaintiffs offer no arguments addressing the bases of the trial court's ruling. "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary." (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700.) A reviewing court need not consider an issue when the appellant "has presented no intelligible legal argument." (*Mansell, supra,* 30 Cal.App.4th at p. 545.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument . . . allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

In any event, without the pertinent documents, we cannot undertake any meaningful review.[4] Plaintiffs thus have procedurally defaulted, waiving any error in the

---

[4] On May 2, 2016, defendants filed an alternative motion to augment the record with documents they said were necessary to evaluate the merits of this appeal. After plaintiffs failed to timely oppose the motion, we filed an order on May 20 stating we would defer ruling on the motion until we considered the merits of the appeal. On May 25, we received a document from plaintiffs entitled "Appellants' Opposition to Respondents' Alternative Motion to Augument [*sic*] Record." The motion did not, however, address defendants' motion to augment and instead argued the merits of the appeal yet again. We declined to file the untimely opposition. In light of plaintiffs' attempted opposition to defendants' motion, we now deny defendants' request to augment the record. Again, it is an *appellant's* affirmative obligation to provide this court with a proper record and citations to that record. Defendants were *not* required to submit a record in order to disprove plaintiffs' claims, and the fact that plaintiffs

judgment or demurrer ruling.  Because their opening brief lacks any record citations to support its factual or legal assertions, it does not demonstrate the FAC's viability.  We struck a prior version of the opening brief on this basis, and therefore plaintiffs were on notice.  Further, even after defendants pointed out these defects in their responsive brief, plaintiffs submitted a similarly flawed reply brief.  In sum, plaintiffs' failure to supply this court with a cognizable legal argument based on a proper appellate record is grounds for summary affirmance.

## DISPOSITION

The order appealed from is affirmed.

_____
DONDERO, J.

We concur:

_____
MARGULIES, Acting P. J.

_____
BANKE, J.

_____

attempted to *oppose* this motion reinforces our conclusion that their appeal has been forfeited.