Filed 1/31/23 Sky v. Select Real Estate Services CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LUCINDA SKY,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>SELECT REAL ESTATE SERVICES et al.,<br><br>　　Defendants and Respondents. | B316717<br><br>(Los Angeles County<br>　Super. Ct. No. 20STCV46957) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard L. Fruin, Jr., Judge. Affirmed in part; reversed in part and remanded.

Lucinda Sky, in pro. per., for Plaintiff and Appellant.

Clyde & Co. US, Douglas J. Collodel; Carlson Law Group and Warren K. Miller for Defendants and Respondents Select Real Estate Services, Inc., and Armen Aroyan.

Koletsky, Mancini, Feldman & Morrow, Roy A. Koletsky and Kristyn J. Mintesnot for Defendant and Respondent Armen Arutyunyan.

\* \* \* \* \* \* \* \* \* \*

This dispute arises from a residential tenancy. Plaintiff and appellant Lucinda Sky is the tenant who filed suit in propria persona alleging she suffered damages from being exposed to mold and other toxins migrating from a common area into her condominium. Plaintiff named her landlord, defendant and respondent Armen Arutyunyan, and the real estate brokers involved in showing her the unit, defendants and respondents Select Real Estate Services, Inc., and Armen Aroyan. The trial court sustained all three defendants' demurrers to the second amended complaint and entered judgments of dismissal.

We affirm the judgment of dismissal entered in favor of the broker defendants. We reverse the judgment of dismissal as to the landlord, concluding plaintiff's operative pleading states a cause of action for breach of the implied warranty of habitability, and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

After demurrers were sustained to plaintiff's original complaint and first amended complaint, plaintiff filed her operative second amended complaint in July 2021. The following material facts are summarized from that pleading. We do not summarize the many additional allegations that fail to support any cause of action that was pled.

Defendant Armen Arutyunyan and plaintiff entered into a residential lease for a condominium in a complex located on Kenneth Road in Burbank. The initial lease term was for one year beginning in August 2019, with monthly rent in the amount of $3,650, and with plaintiff having the option to continue on a month-to-month basis at the conclusion of the year.

Defendants Select Real Estate Services, Inc., and Armen Aroyan were involved as the brokers for the unit and showed the unit to plaintiff.

2

Sometime after plaintiff and her child moved into the unit, plaintiff developed painful rashes and became increasingly ill as time went on, experiencing headaches, sinusitis, vertigo, blurred vision, loss of hair, and hallucinations. Plaintiff heard voices on many occasions telling her to do various things, including kill herself. There are no allegations that plaintiff's child experienced any health problems.

In September 2020, plaintiff was walking her dog and ran into Anushka Moto, the manager of the complex. Plaintiff complained to Ms. Moto about some maintenance issues, including dead plants and peeling paint at the front of the building. Ms. Moto blamed the former homeowner's association, and told plaintiff they had not repaired an old common area entertainment room "located under the cracked jacuzzi area." Plaintiff asked to see the room.

Plaintiff followed Ms. Moto downstairs to a locked door near one of the garages. Ms. Moto unlocked the door and allowed plaintiff to look inside what was described as an old common area entertainment room that was no longer in use. "Everything was covered in black mold and [a] white sandlike material." The room smelled "toxic," causing plaintiff to immediately run out and "vomit."

Plaintiff had not been aware of the existence of this room. It was locked, "hidden from view" and was not disclosed during the walkthrough or in the written lease.

The window in plaintiff's bedroom that she normally kept open was located no more than "10 feet" from the "toxic room." Plaintiff moved her belongings to the other bedroom in her unit and "sealed" off her former bedroom by putting blankets around the door.

Plaintiff contacted a mold inspection company. An inspector came out and viewed plaintiff's unit, the outside areas of the complex and the abandoned entertainment room. The inspector gave plaintiff a report stating there was a serious mold problem in the old entertainment room. He recommended various cleaning procedures for her unit and recommended plaintiff get a blood test for mold allergies. Plaintiff had her blood tested and it showed she was positive for various mold allergies.

In October 2020, plaintiff sent an e-mail to defendant Aroyan about her discovery of the toxic room, along with a copy of the mold inspector's report and the results from her blood test. Aroyan responded by saying her e-mail had been forwarded to the landlord, defendant Arutyunyan. Arutyunyan responded by telling plaintiff to move out or be evicted and offering her $5,000 in moving expenses.

After sealing off her former bedroom with blankets and treating herself with holistic medicine, plaintiff gradually started to feel better and all of her symptoms "disappear[ed]." Plaintiff filed this action seeking injunctive relief and damages, seeking compensation for her physical and emotional suffering, loss of wages, and return of rent, among other things.

All three defendants demurred to the second amended complaint and filed motions to strike. The court sustained the demurrers in their entirety. The court denied leave to amend, explaining that despite three opportunities to state a claim, plaintiff had been unable to do so and had not argued any additional facts that could be pled to cure the legal defects in her pleading. The court placed the motions to strike off calendar as moot.

The court entered judgments of dismissal in favor of all three defendants on December 3, 2021.

Plaintiff prematurely filed an appeal from the orders sustaining the demurrers, instead of from the judgments of dismissal entered thereafter. We treat plaintiff's premature notice of appeal as timely. (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 991; see also Cal. Rules of Court, rule 8.104(d)(2) ["The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."].)

## DISCUSSION

### 1. Standard of Review

Where, as here, the lower court has entered a judgment of dismissal after sustaining a demurrer without leave to amend, our review is de novo. (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010 (*Centinela*); accord, *Erlach v. Sierra Asset Servicing, LLC* (2014) 226 Cal.App.4th 1281, 1291 (*Erlach*).) For the limited purpose of reviewing the propriety of the trial court's ruling, we " ' " 'treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' " ' " (*Centinela,* at p. 1010.) In determining whether the operative complaint states a cause(s) of action, " ' "we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Ibid.*) And, when the demurrer has been sustained without leave to amend, " ' "we decide whether there is a reasonable possibility that the defect can be cured by amendment . . . ." ' [Citation.] ' *"The burden of*

*proving such reasonable possibility is squarely on the plaintiff.* ' " (*Ibid*., italics added.)

The purpose of a demurrer is to test the legal sufficiency of the plaintiff's complaint in stating a cause of action. Like the trial court, we are not concerned at the pleading stage with evidentiary matters or the "plaintiff's ability to prove the allegations." (*Erlach, supra*, 226 Cal.App.4th at p. 1291.)

## 2. Plaintiff's Burden on Appeal

Plaintiff, as the appellant, is required to affirmatively demonstrate the trial court committed prejudicial error in sustaining defendants' demurrers. As our Supreme Court has explained, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; see also Cal. Const., art. VI, § 13 ["No judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].) Moreover, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co*. (1983) 34 Cal.3d 554, 563.)

In demonstrating error, it is the appellant's duty to present an adequate record that allows for meaningful review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575; accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc*. (2012) 203 Cal.App.4th 336, 348

6

[appellant's failure to provide adequate record " 'requires that the issue be resolved against appellant' "].)

Plaintiff did not present an adequate record. She designated only the trial court's orders on the demurrers to be included in the clerk's transcript. Plaintiff later submitted, without filing a motion asking for leave to augment the record, an unpaginated bound volume of 18 documents, including the operative second amended complaint. We exercised our discretion to allow the volume to be filed and made a part of the record. We also granted Select Real Estate Services and Armen Aroyan's motion to augment the record to include the parties' trial court briefs.

Plaintiff failed to comply with mandatory court rules regarding briefing. Plaintiff's briefs contain no citations to the record, nor relevant argument with citation to legal authority. (Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must support "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]; rule 8.204(a)(1)(B) [briefs "must" support each contention of error with argument and "citation of authority" if possible].) A reviewing court may disregard any or portion of a brief that fails to comply with these requirements. (See, e.g., *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1053 & *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

The fact plaintiff is representing herself on appeal does not excuse her from following these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) It is well established that a litigant may choose to act as their own attorney, but in doing so, they are "held to the same restrictive procedural rules as an attorney." (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193; accord, *Nwosu* at p. 1247.)

These are not mere technicalities or minor procedural errors as plaintiff contends. As a reviewing court, we are " 'not required to search the record to determine whether or not [it] supports [plaintiff's] claim of error.' " (*Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134, 1140; accord, *Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1190–1191.)

**3.     Breach of the Implied Warranty of Habitability**

Notwithstanding the errors discussed above, we have reviewed plaintiff's operative second amended complaint to determine whether it states any viable legal theory against defendants. Our court granted permission for plaintiff to augment the record, and though plaintiff did not follow the rules for augmenting the record, it was not difficult for us to find the second amended complaint.

The second amended complaint accuses not only defendants, but also the trial court staff and the trial judge, of wrongdoing which she suspects is due to bribery. On appeal, plaintiff tells us the Court of Appeal staff also mistreated her, but she does not tell us clearly what causes of action she alleged, the reasons the court dismissed them, and the reasons why she stated valid causes of action. However, her claim is loud and clear that her condominium was uninhabitable and she sustained severe personal and mental injuries because her bedroom window was only about 10 feet away from the former entertainment room that contained asbestos and mold which entered her unit through her window and sickened her. She says the landlord and leasing agent had a duty to discover and make the area safe.

Under the first cause of action labeled "personal injury," plaintiff incorporates paragraphs 1 through 24. Personal injury is not a legal cause of action but a type of harm or damage. But the title of a cause of action is not controlling. (*Malott v.*

8

*Summerland Sanitary Dist.* (2020) 55 Cal.App.5th 1102, 1110.) Looking at the substance of the allegations in paragraphs 1 through 24 and giving them a reasonable interpretation (*Centinela, supra,* 1 Cal.5th at p. 1010), we conclude plaintiff adequately alleged a cause of action for breach of the implied warranty of habitability against her landlord, defendant Arutyunyan. The demurrers were otherwise properly sustained without leave to amend.

The implied warranty of habitability may be stated as a defense to an unlawful detainer action, but it may also be asserted affirmatively by a residential tenant against his or her landlord in a lawsuit seeking damages for its breach. (*Erlach, supra,* 226 Cal.App.4th at p. 1297.) "The elements of such an affirmative claim are the existence of a material defective condition affecting the premises' habitability, notice to the landlord of the condition within a reasonable time after the tenant's discovery of the condition, the landlord was given a reasonable time to correct the deficiency, and resulting damages." (*Ibid.*)

Plaintiff alleged a residential lease with defendant Arutyunyan, the owner of the property, a significant mold problem in a common area of the property that impacted plaintiff's nearby unit and caused plaintiff to suffer from a mold allergy, notice to Arutyunyan about the situation, and damages. The allegations are sufficient for the pleading stage.

While the claim is adequate as against the landlord, it does not lie against the brokers, defendants Select Real Estate Services and Armen Aroyan. (See, e.g., *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 929.)

We were unable to glean any other viable legal theory from plaintiff's largely rambling and sometimes incoherent allegations.

As we already explained above, plaintiff did not provide any legal argument or citation to applicable authority supporting the existence of any additional theories.  Plaintiff also did not identify any additional facts that could be pled to cure any defects.  We therefore find no abuse of discretion by the court in denying plaintiff another opportunity to amend her pleading.  We affirm the judgment of dismissal in favor of Select Real Estate Services and Armen Aroyan.  We reverse the entry of dismissal in favor of Armen Arutyunyan and remand to the superior court for further proceedings consistent with this opinion.

## DISPOSITION

The judgment of dismissal in favor of defendants and respondents Select Real Estate Services and Armen Aroyan is affirmed.  Select Real Estate Services and Armen Aroyan shall recover costs of appeal.

The judgment of dismissal in favor of defendant and respondent Armen Arutyunyan is reversed and the case is remanded to the superior court for further proceedings.  The superior court is ordered to vacate its order sustaining Arutyunyan's demurrer to the second amended complaint and enter a new order overruling the demurrer to the cause of action for breach of the implied warranty of habitability against Arutyunyan and sustaining without leave to amend the balance of defendant's demurrer.  Plaintiff and Armen Arutyunyan shall bear their own respective costs of appeal.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.          WILEY, J.


10