Filed 1/23/25  Martinez v. C Lake CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ORQUÍDEA ROJAS MARTÍNEZ et al., | D083177 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2021-00037659-CU-BC-CTL) |
| C LAKE LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Orquídea Rojas Martínez and Ricardo Ruiz Barranco, in pro. per., for Plaintiffs and Appellants.

Skebba, Buechler & Orlov, David E. Czelusniak and Timothy McNulty for Defendant and Respondent.


Orquídea Rojas Martínez and Ricardo Ruiz Barranco appeal the judgment dismissing their action against C Lake LLC after the trial court granted a motion for terminating sanctions for their repeated refusals to

respond to written discovery requests. Appellants have forfeited their appeal by presenting no argument for reversal. We therefore affirm the judgment.

## BACKGROUND

Appellants rented space from C Lake LLC (C Lake) at a recreational vehicle park where they allegedly were subjected to threats, physical abuse, and unsafe conditions. They sued C Lake and others to recover damages for injuries they allegedly suffered. C Lake answered the complaint and served appellants with form interrogatories, special interrogatories, and requests for production of documents. C Lake extended the deadline to respond to the discovery requests, but appellants did not respond at all.

C Lake filed motions to compel responses and asked the trial court to sanction appellants $710 for costs and attorney fees incurred in connection with the motions. Appellants did not oppose the motions. The court ordered them to respond to the discovery requests within 25 days but denied C Lake's request for monetary sanctions. Appellants did not respond as the court had ordered them to do.

C Lake filed second motions to compel responses and renewed its request for monetary sanctions. Appellants did not oppose the second motions. The trial court ordered appellants to respond within 20 days and sanctioned them $1,420.

Rather than comply with the trial court's order, appellants filed a "motion to disqualify or remove the judge and objection to the intention of sanction that the judge wants to impose." They accused the court of violating unspecified constitutional rights and statutes designed to protect the privacy of their personal information. Appellants alleged the court was "prejudiced" because it had granted C Lake's motions but not theirs.

Based on appellants' refusals to comply with the court's prior discovery orders, C lake filed a motion for terminating sanctions. It asked the trial court to dismiss their complaint with prejudice and requested additional monetary sanctions in the amount of $710 for costs and attorney fees incurred in connection with the motion.

The trial court held a combined hearing on appellants' disqualification motion and C Lake's terminating sanctions motion. The court denied appellants' motion. It granted C Lake's motion in part, imposing terminating sanctions but refusing to impose additional monetary sanctions. The court subsequently entered a judgment of dismissal with prejudice in favor of C Lake and against appellants.

After the trial court ruled on the motions but before it entered judgment, appellants filed a document labeled "objection and motion asking for the annulment of the judge's decision and opposition to [C Lake] withdrawing from the case and appeal of the judge's decision." The court treated the document as a notice of appeal. We dismissed the appeal to the extent it challenged the order denying the motion to disqualify the trial judge, because that order could only be challenged by writ petition. (Code Civ. Proc., § 170.3, subd. (d).) We construed the appeal as having been taken from the subsequent judgment of dismissal and allowed it to proceed to the extent it challenged the order imposing terminating sanctions. (Cal. Rules of Court, rule 8.104(d)(2).)

## DISCUSSION

Appellants attack the judgment dismissing C Lake from the case as an "abuse of power." They complain the court "unfairly imposed [terminating sanctions] on [them] for defending and protecting [their] personal information

3

from people who want to harm [them]." Appellants asks us to "dismiss the sentence" the trial court imposed and the motion C Lake filed.

To obtain relief from this court, appellants must overcome the presumption the judgment is correct by affirmatively showing prejudicial error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546 (*Herrera*).) An appellant who does not comply with certain briefing requirements of the California Rules of Court does not sustain that burden. (*Herrera*, at p. 546.) Appellants failed to comply with multiple briefing requirements.

First, the opening brief does not contain the required "summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) Nowhere do appellants discuss the facts that led to the judgment of dismissal. Instead, they violated rule 8.204(d) by including in the opening brief several police department records and other documents concerning the allegedly injurious conduct at the recreational vehicle park. None of those documents is in the record or relevant to the trial court's dismissal of C Lake from the case based on appellants' discovery abuse. By filing such a "seriously defective" brief, appellants "ha[ve] not clearly demonstrated that the trial court erred." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 868–869.)

Second, the opening and reply briefs do not "[s]tate each point under a separate heading or subheading summarizing the point." (Cal. Rules of Court, rule 8.204(a)(1)(B).) Failure to provide proper headings forfeits issues discussed in the brief but not clearly identified by headings. (*Herrera, supra*, 67 Cal.App.5th at p. 547; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.)

Third, appellants make many factual assertions in their briefs but do not support any by "a citation to the volume and page number of the record

where the [fact] appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Factual contentions unsupported by record citations are forfeited. (*Rogers v. Roseville SH, LLC* (2022) 75 Cal.App.5th 1065, 1072; *Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1191.)

Fourth, appellants have not "support[ed] each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) Neither the opening brief nor the reply brief contains anything recognizable as a legal argument.

Under the heading "Basis of appeal" in the opening brief, appellants level 11 charges against the trial court or C Lake's counsel, including accusations of bias, threats, and intimidation against the court and accusations of fraud, perjury, and bad faith against counsel. The opening and reply briefs contain additional accusations of wrongdoing by the trial court and C Lake's counsel, as well as a list of attorneys uninvolved in this case whose licenses to practice law were allegedly "revoked for fraud." Appellants offer no explanation how any of their accusations or the list of attorneys shows the trial court erred by granting C Lake's motion for terminating sanctions. To the extent appellants intend to challenge the order denying their motion to disqualify the trial judge, the challenge is not properly before us because we previously dismissed that aspect of the appeal.

As to the trial court's decision to impose terminating sanctions, appellants say they "do not agree" with the decision to dismiss C Lake, which they allege "is the [party] most responsible" for their injuries. They contend imposition of terminating sanctions for refusing to respond to C Lake's discovery requests was "unfair[ ]" and "abusive" because, as crime victims, their personal and private information is protected from disclosure by state and federal laws, and they were merely trying to prevent C Lake's counsel

5

from "selling [their] personal and private information to drug dealers and other people" who wanted to harm them. Appellants also contend that "in this legal process there were many irregularities that affect[ed] [them] greatly."

Appellants present no analysis and cite neither the record nor pertinent legal authority to support these contentions.[1] C Lake's liability, if any, for appellants' alleged injuries was not at issue on the motion for terminating sanctions and is not before us. Although appellants clearly believe C Lake is responsible for their alleged injuries, their stubborn refusal to provide even objections to discovery requests prevented any determination of C Lake's liability. Appellants have not explained how they may now avoid the forfeiture of any objections they might have had to C Lake's discovery requests that resulted from their repeated refusals to respond to the requests. (See Code Civ. Proc., §§ 2030.290, subd. (a) [failure to respond timely to interrogatories forfeits objections], 2031.300, subd. (a) [same as to requests for production of documents]; *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 403–404 ["A party that fails to serve a timely response to the discovery request waives 'any objection' to the request"].) Appellants have neither identified the

---

[1] At the end of their reply brief, appellants cite provisions of the Victims' Bill of Rights that give crime victims the right to prevent disclosure to the defendant of confidential information that could be used to locate or harass the victim or the victim's family, and the right to refuse an interview, deposition, or discovery request by the defendant. (Cal. Const., art. I, § 28, subd. (b)(4), (5).) Appellants' failure previously to argue that the Victims' Bill of Rights justified their refusal to respond to C Lake's discovery requests forfeits the argument on appeal. (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.) In any event, the Victims' Bill of Rights does not apply in civil proceedings, such as appellants' action for damages against C Lake. (*Slaieh v. Superior Court* (2022) 77 Cal.App.5th 266, 274.)

"irregularities" in the trial court proceedings of which they complain nor explained why the irregularities warrant reversal of the judgment. "[A]ppellant[s] must do more than assert error and leave it to the appellate court to search the record and the law books to test [their] claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Their contentions, unsupported by substantive argument or citation to authority, are forfeited. (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418; *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7.)

In closing, we note that appellants are representing themselves in this appeal, and for persons untrained in the law that may be a difficult task. Nevertheless, we must treat self-represented parties the same way we treat parties represented by attorneys. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.) Self-represented parties, like those represented by attorneys, must follow the procedural rules governing appeals. (*Elena S.*, at p. 574; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) By failing to follow the rules for appellate briefs, appellants have forfeited their appeal. (*Herrera, supra*, 67 Cal.App.5th at p. 546; *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597; *Nwosu*, at p. 1247.)

DISPOSITION

The judgment is affirmed. Respondent is entitled to recover costs on appeal.

IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


KELETY, J.