Filed 3/23/26  NewNew v. Williams CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NEWNEW, INC., | B338304 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23STCV23426) |
| v. | |
| JENNIFER WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bruce G. Iwasaki, Judge.  Affirmed.

Jennifer Williams, in pro. per., for Defendant and Appellant.

Eisner and Jeremiah Reynolds for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Jennifer Williams appeals from the entry of a default judgment entered in favor of plaintiff and respondent NewNew, Inc.  Because we have no adequate record to determine whether any error occurred below, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

NewNew brought this action for breach of contract and related claims against Williams based on Williams's alleged breach of a Contractor Non-Disclosure and Services Agreement. NewNew filed a first amended complaint in November 2023, and obtained entry of default against Williams on January 5, 2024, after she failed to file a responsive pleading.

Judgment was entered in favor of NewNew and against Williams on March 25, 2024.  The judgment imposed a permanent injunction requiring Williams to return, within 14 days, the laptop issued to her by NewNew, to refrain from any further copying, deleting, or altering any NewNew documents, including any work product information acquired while Williams was under contract with NewNew, and to hold confidential any confidential information or trade secrets learned while under contract with NewNew.  NewNew was awarded $43,370.30 in attorney's fees and costs as prevailing party.  (Civ. Code, § 1717.)

On April 15, 2024, Williams filed a notice of appeal from the entry of the default judgment.

We granted Williams leave to augment the record. Williams designated the reporter's transcript from the March 13, 2024 management conference which was subsequently filed with this court.  No other documents were included in the augmented record.

On September 30, 2025, we denied NewNew's motion for sanctions against Williams for prosecuting a frivolous appeal.

## DISCUSSION

Williams requests that we vacate the default judgment entered against her, but she failed to present an adequate appellate record for us to assess whether any error occurred that warrants reversal.

Williams, as the appellant, was required to affirmatively demonstrate the trial court committed prejudicial error in entering a default and a default judgment against her. As our Supreme Court has explained, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; see also Cal. Const., art. VI, § 13 ["No judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].) Moreover, unless otherwise shown, "it is presumed that the court followed the law." (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.)

In demonstrating error, it is the appellant's duty to present an adequate record that allows for meaningful review. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575; accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 [appellant's failure to provide adequate record " 'requires that the issue be resolved against appellant' "].)

Williams did not present an adequate record. The limited record presented to us consists only of the superior court's register of actions, the judgment, the notice of appeal, and transcripts from a case management hearing and the hearing at which the court granted judgment in favor of NewNew.

Williams also failed to comply with mandatory court rules regarding briefing. Plaintiff's briefs contain no citations to the record, small as it is, supporting her arguments for relief. (Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must support "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) A reviewing court may disregard any or portion of a brief that fails to comply with these requirements. (See, e.g., *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1053; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

The fact Williams is representing herself on appeal does not excuse her from following the rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) It is well-established that a litigant may choose to act as their own attorney, but in doing so, they are "held to the same restrictive procedural rules as an attorney." (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193; accord, *Nwosu*, at p. 1247.)

Nevertheless, we reviewed the limited documents presented, but there is nothing contained in those documents that supports any finding that the trial court lacked jurisdiction to enter default against Williams for failing to timely appear in the action, or demonstrating that the court erred in thereafter entering default judgment. Willliams concedes in her brief that she was served with both the original complaint and first amended complaint, and that she did not file an answer because

she was having difficulty finding a lawyer to represent her and she believed settlement discussions were going well to resolve the case. We acknowledge Williams's concerns about the difficulties of attempting to obtain legal representation to assist her, but we are constrained to abide by well-settled rules of appellate review. We have nothing before us to determine whether any error occurred below. We therefore affirm the judgment.

## DISPOSITION

The judgment entered in favor of plaintiff and respondent NewNew, Inc. and against defendant and appellant Jennifer Williams is affirmed.

Plaintiff and respondent NewNew, Inc., shall recover costs of appeal.


VIRAMONTES, J.


WE CONCUR:


WILEY, Acting P. J.


SCHERB, J.

5