Filed 9/22/25 Ahmed v. City of Los Angeles CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ABDUL AHMED,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF LOS ANGELES et al.,<br><br>        Defendants and Respondents. | B333213<br><br>(Los Angeles County<br> Super. Ct. Nos. 21STCV29890,<br> 21STCP00160) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine Lu, Judge. Affirmed.

        Abdul Ahmed, in pro. per., for Plaintiff and Appellant.

        Hydee Feldstein Soto, City Attorney, Taylor C. Wagniere and Emily Y. Wada, Deputy City Attorneys, for Defendants and Respondents.

Plaintiff Abdul Ahmed appeals from the judgment entered after the trial court sustained the demurrer to his second amended complaint without leave to amend.  Ahmed's claims arise out of the denial by the City of Los Angeles (the City) and the Los Angeles Department of Cannabis Regulation (DCR) of a commercial cannabis license for his business, Melrose Quality Pain Relief, Inc. (Melrose).  We reject Ahmed's claims of error and affirm the judgment.

## BACKGROUND

### I.    *Cannabis Licensing*

The City issues licenses to operate commercial cannabis businesses. (L.A. Mun. Code § 104.00.)  A business that meets the definition of an "existing medical marijuana dispensary" (EMMD) is given priority in obtaining a license in Phase 1, also known as "Proposition M Priority Processing." (L.A. Mun. Code § 104.07.)  To qualify as an EMMD, an applicant must meet one of two sets of criteria. As relevant here, the dispensary must have "registered with the City Clerk by November 13, 2007 (in accordance with the requirements under Interim Control Ordinance 179027)" and have submitted the necessary documentation.  (L.A. Mun. Code § 104.01(a)(17).)

Ahmed owns Melrose, a medical marijuana dispensary.  On November 13, 2007, the prior owner of Melrose, Vincent Mehdizadeh, filed an application with the City for registration pursuant to Interim Control Ordinance 179027.[1]  According to Ahmed, Mehdizadeh provided the required documentation along with the application, but because he did not reach the filing window until after 5:00 p.m., Melrose's application was marked as received rather than filed.  A few weeks later, DCR notified Mehdizadeh that Melrose's packet was incomplete, so Mehdizadeh resubmitted the documents.

---

[1]    Melrose's application materials from 2007 are not in the record on appeal.  The information here is based on Ahmed's allegations in his original complaint.  It appears undisputed that Mehdizadeh submitted the application after the deadline on November 13, 2007.  However, at times, Ahmed has disputed whether the application included all of the required documentation.

Ahmed purchased Melrose from Mehdizadeh in 2009. In March 2018, Ahmed submitted an application to DCR on behalf of Melrose to obtain a commercial cannabis license as an EMMD under Proposition M Priority Processing. DCR issued "written findings of ineligibility for Proposition M priority processing" in April 2019, denying Melrose's application. DCR found Melrose ineligible because it failed to register by the November 13, 2007 deadline and failed to timely submit the proper paperwork. That decision was affirmed by DCR's administrative hearings division.

## II. *Melrose Lawsuit*

In January 2021, Melrose filed a petition for writ of mandate against respondents, *Melrose Quality Pain Relief, Inc. v. City of Los Angeles* (Super. Ct. L.A. County, 2022, No. 21STCP00160)*Melrose*).[2] In August 2022, the court dismissed the case without prejudice after Melrose failed to appear at a hearing and failed to comply with the court's orders to file a substitution of counsel.

## III. *Ahmed Lawsuit*

In August 2021, Ahmed filed the instant action against the City, DCR, Sharon Dickinson, and Jason Killeen.[3] The court sustained respondents' demurrer to the complaint with leave to amend.

Ahmed filed a first amended complaint (FAC) in May 2022 against respondents, alleging causes of action for "violation of California equal protection clause – due process," discrimination, and declaratory relief. In the FAC, Ahmed alleged that he is a Middle Eastern man and a practicing Muslim. He purchased Melrose in August 2009 from the prior owner, and the "purchase included all rights that the business had under the prior owner, which were requirements to apply for Proposition M Priority Processing." On March 2, 2018, Ahmed applied for a license on behalf of Melrose under

---

[2]     We grant respondents' request for judicial notice of certain court filings from *Melrose* and the instant case. (See *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 (*Cantu*); Evid. Code, § 452; Code Civ. Proc., § 430.70.)

[3]     Ahmed later dismissed Dickinson and Killeen from the complaint and they are not parties to this appeal. We refer to the City and DCR together as respondents.

Proposition M Priority Processing.  DCR denied the application on April 15, 2019.

Ahmed alleged that respondents discriminated against him by rejecting his Proposition M application on the basis that Melrose had not registered before the November 2007 deadline and had not submitted the required documentation.  He alleged that the proper materials had been submitted, and that DCR had not similarly rejected other, white applicants who also submitted materials after the deadline.

The court sustained respondents' demurrer to the FAC.  The court found that Ahmed's equal protection claim that he was denied a license on a discriminatory basis "fails on its face because [Ahmed] did not become the owner of Melrose . . . until August 19, 2009, and thus, Defendants could not have discriminated" against Ahmed when denying Melrose's application in 2007.  The court also found that Melrose "is not a party to this action. . . .  A denial of a license – even done with a discriminatory intent – against Melrose . . . years before [Ahmed] purchased it is not discrimination against [Ahmed]."

As for due process, the court first found that Ahmed failed to allege a viable property interest because the claim for a license "is a privilege—not a constitutionally protected property interest."  Second, any property interest belonged to Melrose, "the party who applied for the license and not to [Ahmed]."  The court also concluded that the Government Claims Act barred the action, as the FAC failed to allege any compliance with that statute. (See Gov. Code § 910.)  The court further found the complaint was untimely under the Government Claims Act, as the last incident of alleged wrongful conduct by respondents occurred in April 2019 and Ahmed did not file a claim for damages until January 2021, well after the statute of limitations.  (See Gov. Code, §§ 911.2, subd. (a) [six months to file after accrual of personal injury claim], 911.2, 945.4 [one year for non-personal injury claim].)  The court granted Ahmed leave to amend, noting that it expected Ahmed to correct the defects outlined in its orders sustaining the first two demurrers.

Ahmed filed the operative second amended complaint (SAC) in February 2023.  He maintained the same three causes of action against respondents.  He omitted the allegation as to when he purchased Melrose and

any mention of the prior owner. Instead, he alleged that respondents denied his Proposition M license based on a claim that "Plaintiff's application" in November 2007 "was late and missing documents." Ahmed alleged that by denying the application due to "racial animus," respondents violated "his State and Federal Rights, both under the California Constitution and the United States Constitution." He attached to his complaint the 2019 DCR denial letter and the administrative appeal decision sustaining DCR's denial.

Respondents demurred to the SAC. Ahmed filed an opposition, arguing that he properly alleged violations of his constitutional rights and stating that Melrose "is not a plaintiff in this law suit [*sic*]." He also acknowledged that the prior owner of Melrose submitted the application to DCR in November 2007 and that Ahmed relied on the information provided by the prior owner and "believed that the application had been properly submitted and processed."

The parties appeared at the hearing on the demurrer on August 25, 2023. Following argument, the court took the matter under submission.[4] On August 29, 2023, the court issued its written ruling sustaining the demurrer. The court found that Ahmed lacked standing to pursue his claims because the "interest at issue – the Prop M licensing for a retail cannabis license – belongs to non-party Melrose . . . , who applied for the license, and not to [Ahmed]." Moreover, "the gravamen of the injury is to Melrose . . . who was seeking the license that Defendants denied. Any harm to [Ahmed] is due to the fact that he is the principal owner of Melrose, and thus derivative."

The court also found that Ahmed failed to allege a constitutional violation, as a "license is not a sufficient interest for a constitutional claims [*sic*] of due process violations." In addition, the court noted Ahmed's admission in the FAC that he did not become the owner of Melrose until August 2009, and thus he could not allege a claim for discrimination based on injuries purportedly suffered by Melrose in 2007. The court sustained the demurrer without leave to amend, finding that it had "provided [Ahmed] multiple opportunities to amend the complaint to address the defects

---

[4]     There is no transcript of the hearing as there was no court reporter present.

addressed in this order. [Ahmed] nonetheless fails to cure these defects. Nothing in the opposition or [Ahmed's] arguments at the hearing suggests a reasonable likelihood of successful amendment."

The court entered judgment for respondents on September 21, 2023. Ahmed timely appealed. He appears in propria persona on appeal.

## DISCUSSION

Ahmed argues that the trial court erred in sustaining the demurrer to the SAC without leave to amend. We find no error.

### I. *Legal Standards*

A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank–California* (1994) 27 Cal.App.4th 800, 807.) We review de novo the dismissal of a civil action after a demurrer is sustained without leave to amend. (*Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 879.) In doing so, "we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.'" (*Ibid.*) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid.*)

On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) To establish that a cause of action has been adequately pled, a plaintiff must demonstrate he or she has alleged "facts sufficient to establish every element of that cause of action. [Citation.]" (*Cantu, supra*, 4 Cal.App.4th at pp. 879–880.) If the complaint fails to plead any essential element of a particular cause of action, this court should affirm the sustaining of a demurrer. (*Ibid.*)

We review an order denying leave to amend for an abuse of discretion. "'Generally, it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. . . . However, the burden is on the plaintiff to demonstrate that the trial court abused its discretion. Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal

6

effect of his pleading.'" (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349; see also, e.g., *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1227 [liberality in permitting a party to amend a pleading is the rule if a fair opportunity to correct the defect has not already been given and the pleading's deficiency can be easily corrected.])

## II.    *Analysis*

As an initial matter, we note that none of Ahmed's factual citations in his appellate briefs correspond to pages in the appellate record.  The record consists of two volumes of clerk's transcript, totaling 418 pages.  All of Ahmed's citations in his opening brief are to page numbers higher than 418.  Although respondents noted this discrepancy in their appellate brief, Ahmed failed to offer any clarification or correction in his reply.

Ahmed's failure to properly cite to the record before us means he cannot prevail on his appeal.  He was required to support his factual assertions with citations to evidence in the record; he failed to do so, in violation of the court's rules.  (See Cal. Rules of Court, rule 8.204(a)(1)(C) [appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"] and rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"].)  "The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)  By failing to support his arguments with citations to evidence in the record, Ahmed has forfeited his claims on appeal.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Even if we considered Ahmed's claims, we would find no error.  Ahmed first contends that he suffered prejudice to his "ability to appeal effectively" because the trial court "delayed nearly a year before certifying the appellate record," and also "inserted" documents into the record "without notice to the parties."  As noted above, none of Ahmed's citations provide record support for these claims.  In addition, although Ahmed contends that the purported issues with preparation of the record demonstrate bias by the trial court, he has provided no evidence or authority supporting this claim.  It is Ahmed's

burden as the appellant to provide an adequate record to affirmatively establish error. (See *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1484; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) He has not met his burden here.

Ahmed has also failed to establish prejudice to his appeal from his claims of delayed record preparation. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 422 ["appellant cannot prevail on a claim of error if she makes no effort to establish that she was prejudiced by the alleged error"].) He does not explain how his ability to appeal "effectively" was affected by the length of time it took the court to certify the record. Similarly, although he contends the court erred by inserting documents into the record without notice, he does not identify which documents the court purportedly inserted or show how their inclusion was prejudicial to his appeal.

We also reject Ahmed's second claim of error that the court "improperly dismissed" Melrose from the action. This contention is contradicted by the record. Ahmed was the only plaintiff in this action; Melrose was never a party and thus never dismissed. Indeed, Ahmed acknowledged in his opposition to the demurrer to the SAC that Melrose was not a plaintiff in the lawsuit. Ahmed fails to discuss these facts in his briefing and compounds the confusion by suggesting this appeal was taken by both "Ahmed and Melrose." There is no evidence in the record that Ahmed ever sought to add Melrose as a plaintiff, despite the trial court's repeated findings that Ahmed could not bring claims that belonged to Melrose. Thus, Ahmed's contention that Melrose was not allowed to "participate fully" in the litigation is baseless. Ahmed pursued separate lawsuits against respondents, first on behalf of Melrose and then individually. The separate action brought by Melrose, which was dismissed without prejudice in 2022, was not relevant to the demurrer to the SAC and is not at issue in this appeal.

Third, Ahmed argues the trial court erred in dismissing his discrimination claim. He claims respondents unfairly rejected Melrose's license application, while allowing other, non-minority applicants to correct "minor technical filing issues," and that this demonstrates discriminatory intent. He does not address the court's repeated finding that he could not establish that respondents discriminated against him by rejecting Melrose's

untimely certification request in 2007, when Ahmed did not purchase the business until 2009.  Ahmed's omission from the SAC of the fact that he purchased Melrose in 2009 does not aid him, as he is bound by his earlier allegations.  (See *Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 877 ["A plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint or by suppressing facts which prove the pleaded facts false."].)  Further, his failure to mention this fact, among others, in his appellate brief violates his obligation to "provide a summary of the significant facts limited to matters in the record."  (Cal. Rules of Court, rule 8.204 (a)(2)(C).)  Additionally, Ahmed fails to address the trial court's finding that the denial of a license to sell cannabis is not a constitutionally protected property right.  (See *Associated Creditors' Agency v. Davis* (1975) 13 Cal.3d 374, 388–389 ["'[T]here is no inherent right in a citizen to sell intoxicants [citations], and a license to do so is not a proprietary right within the meaning of the due process clause of the Constitution [citation], nor is it a contract [citation]; it is but a permit to do what would otherwise be unlawful.'"].)

Ahmed's conclusory claims of error do not satisfy his burden to present meaningful legal analysis supported by citations to authority.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408, citing *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.)  When a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court."  (*Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647; accord, *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117 ["failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error"].)

The fact that Ahmed is representing himself does not change this result.  "Under the law a party may choose to act as his or her own attorney.  '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'  Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure."  (*Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247, citing *Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98; *Bistawros v. Greenberg* (1987)

189 Cal.App.3d 189, 193 [self-represented party "held to the same restrictive procedural rules as an attorney"].)

In his fourth claim of error, Ahmed contends that he adequately alleged that he exhausted his administrative remedies. Although the court sustained the demurrer to the FAC for failure to allege exhaustion of administrative remedies, it did not sustain the demurrer to the SAC on this basis. Thus, Ahmed has shown no error.

Finally, Ahmed argues in his reply brief on appeal that the court erred in denying him leave to amend. Because he did not raise this issue in his opening brief, we need not consider it. (See *Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."].) Moreover, Ahmed has not demonstrated how he could amend his complaint a third time to address the deficiencies identified by the court. His suggestion that he could "restore" Melrose as a party is meaningless because Melrose was never a party, nor does it address the fundamental issues with Ahmed's constitutional claims as repeatedly detailed by the court. As such, we find no abuse of discretion in the trial court's denial of leave to amend.

Respondents moved for sanctions on appeal, arguing that Ahmed's appeal was frivolous and taken with an improper motive. We deny that motion. We do not find Ahmed, appearing in propria persona, engaged in sufficiently egregious or dilatory conduct to warrant sanctions. (See Code Civ. Proc. § 907; Cal. Rules of Court, rule 8.155; see also *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 557 ["sanctions should be used sparingly to deter only the most egregious conduct"].)

## DISPOSITION

The judgment is affirmed.  Respondents' motion for sanctions is denied. Respondents may recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.


We concur:


MORI, J.


VAN ROOYEN, J.*

---

*      Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.